James H. O’Connor, J.
In this proceeding the plaintiff moves to amend a final decree of annulment rendered against her so as to provide for her support. The proceeding is brought under section 236 of the Domestic Relations Law. The pertinent facts involving this application are as follows :
Plaintiff wife brought an action against the defendant for a separation in August, 1946. The defendant counterclaimed for an annulment and was successful in obtaining an interlocutory decree granting it. The decree provided for alimony to the wife for her support in the amount of $3,600 per year. 'Subsequent to the decree and while appeals were pending from said decree by both parties, a stipulation was entered into on December 6, 1949 for a lump-sum alimony settlement. The court takes note of the fact that at the time the parties entered into the lump-sum settlement the decree of annulment had become final and that the parties were thereby no longer husband and Avife. On December 8, 1949 two judgments were made by the Hon. Clifford II. Searl, Justice of the Supreme Court; one adjudged and determined that the said agreement executed by the parties was fair and equitable and barred the plaintiff from making an application to any court for alimony, support or counsel fees thereafter. The other judgment struck the provision for support from the annulment decree.
Pursuant to the terms of said agreement the plaintiff Avife received the following items:
a. A cash payment in the sum of $39,600.
b. An attorneys’ fee in the sum of $11,000.
c. A trust fund of $20,000 the principal of AA'hich Avas to be paid in instalments at five-year intervals, provided no future order would direct larger or more frequent payments.
d. An agency account of $31,100 established under the custody and control of both plaintiff’s and defendant’s attorneys. This account Avas established to pay the plaintiff’s then outstanding-bills. The surplus of approximately $3,000 Avas paid to the plaintiff.
According to affidavits submitted on behalf of the plaintiff in this proceeding, the plaintiff has dissipated the funds realized in the stipulated settlement and has no income other than $1,500, being- the last installment of the afore-mentionod $20,000 trust fund. The defendant contends that the plaintiff is entitled to receive from this fund approximately $6,821.92. Plaintiff contends further that she is seriously ill and presently has the disease of cancer rendering her unable to Avork and under the constant care of doctors. The -recitation of the expenses for *593 the plaintiff per month indicates that her minimum living and medical expenses total $450 per month.
The defendant on the other hand, in answer to the plaintiff’s contention of her destitute circumstances, recites that she is presently residing with her unmarried brother.
Succinctly stated, the application for the relief above stated is opposed by the defendant on the ground that the settlement contract entered into by and between the parties on December 6, 1949 is a bar to the relief plaintiff now seeks. In support of his contention the defendant attaches to his memorandum the decision of the Hon. Clifford H. Searl, Justice of the Supreme Court, wherein the learned Justice granted a motion to amend the interlocutory decree of annulment. This decision expertly surveys the law pertaining to the relief requested in this fact situation. However, while the learned Justice granted the application for amendment of the annulment decree by striking the provision for installment payments of support to the plaintiff wife, he did so in the exercise of his discretion that the lump-sum settlement was adequate and that it would be an abuse of his discretion not to approve the said lump-sum settlement. The court further decided that the plaintiff wife should be barred in the future from making application for further support payments.
The case of Johnson v. Johnson (295 N. Y. 477) established the fact that section 1140-a of the Civil Practice Act, currently codified under section 236 of the Domestic Relations Law, provides for support of a wife in an action for annulment and that the direction for such support in the final judgment of an annulment action may be annulled or modified. In that case the court said (p. 481): “ Moreover, the statute is not, by its terms, limited to cases where the wife is the innocent party; such a limitation would certainly be most unreasonable and unjust, for example, in the case where the marriage is voided because of the wife’s insanity. (Cf. Bancroft v. Bancroft, 288 N. Y. 323.) To escape such a result, the draftsman and the Legislature eschewed the rigidity of a mandatory ‘ direction for support ’ subject to an iron-clad limitation. Instead, they left it to the court’s own discretion in all cases, granting the court power to ‘ give such direction # * * as justice requires.’ ”
In Hoops v. Hoops (292 N. Y. 428) a similar fact situation to the instant case is found; although the action brought was one in divorce and not an annulment. The plaintiff who was entitled to weekly alimony under the decree of divorce, accepted a lump sum in full satisfaction thereof and the decree was accordingly *594 amended so as to relieve the defendant from any further action for support. The plaintiff brought an action to set aside the settlement agreement. The Court of Appeals held that while the wife could not bring an action to set aside the agreement she could maintain a proceeding under section 1170 of the Civil Practice Act to modify the final judgment of divorce to incorporate therein support payments. This same reasoning was followed by the Appellate Division (First Department) in the case of Blaufarb v. Blaufarb (9 A D 2d 86), wherein the court held that the court does have the power to modify a matrimonial judgment as to support, though the parties have contracted to waive said support in the future. (See, also, Nichols v. Nichols, 11 A D 2d 149.) Moreover, the agreement barring plaintiff wife from making future application for support is determined by this court to be void and against public policy. (Kraunz v. Kraunz, 293 N. Y. 152.)
Therefore, this court holds that, notwithstanding stipulated settlement and the decision of Hon. Clikfobd H. Seabl, Justice of the Supreme Court, this court has the power to modify and amend the annulment decree to provide for future support of the plaintiff wife pursuant to the above-mentioned cases and statutes.
The sole remaining question, then, is what will move' the court to grant alimony after such a general release! The court is unable to find an exact standard beyond that set forth in the statute. However, the cases applying former section 1170 of the Civil Practice Act would indicate that the only prerequisite is a change in the plaintiff’s circumstances. (See Witkowski v. Witkowski, 271 App. Div. 901, affd. 297 N. Y. 626; Bartenbach v. Bartenbach, 271 App. Div. 799.) These cases seem to indicate that the court can and will invoke the applicable statutes whenever an appreciable change in circumstances places a wife in need. “ Justice ” would not be satisfied by keeping a wife at mere subsistence and denying relief just because she had not yet become a public charge. (Blaufarb v. Blaufarb, supra.)
In the light of the present financial conditions of the plaintiff in this action this court holds that she is entitled to an amendment and modification of the interlocutory decree made and entered the 31st day of August, 1949 and declaratory judgment and judgment modifying the said interlocutory decree made and entered the 8th day of December, 1949, by inserting therein a provision for the support of the said wife in an amount of $300 per month to be paid the first of each and every month following entry of an order embodying this decision.
*595 Counsel fees are hereby determined to be in the amount of $2,000 and $348.49 disbursements to the firm of Coulter, Fraser, Carr, Ames and Bolton, attorneys for the plaintiff wife.