GLADYS M. LUDWIG, Respondent, v. DANIEL K. LUDWIG, Appellant.

First Department, February 3, 1972.

[*] He had apparently been indicted in New York County for contempt (record on this appeal p. 14).

Vincent J. Malone of counsel (William A. Zutt and Thomas F. Tivnan with him on the brief; Parker, Duryee, Zunino, Malone & Carter, attorneys), for appellant.

Nathan R. Shapiro for respondent.

STEVENS, P. J.  The parties were married in Miami, Florida, March 15, 1927 and divorced April 28, 1937, also in Florida. The decree provided for $200 per month as and for permanent alimony.

On or about November 6, 1939, at plaintiff's request, and pursuant to written agreement, defendant agreed to and did pay to plaintiff the sum of $3,000 in full settlement of his support obligation under the decree of divorce.  As provided in the agreement, plaintiff executed and delivered to defendant a general release which, inter alia, released defendant from "all claims for support, maintenance and alimony."  In accordance with the agreement plaintiff petitioned and was granted by the Florida court a modification of the April 28, 1937 decree of divorce which "in lieu of all provisions in said final decree for the payment of alimony", decreed the payment of $3,000 in full settlement, satisfaction and discharge of defendant's liability for support and maintenance.

Subsequent to 1939 there were other agreements executed between the parties whereby defendant "gratuitously and of his own free will" undertook to pay plaintiff's hospital bills together with a stated sum per month.  Each of said agreements reaffirmed the 1939 agreement and confirmed the provisions of the modified decree.  Although defendant made payments in accordance with the terms of the various agreements, plaintiff on one occasion commenced suit seeking larger sums.  That action was commenced in November, 1969 and discontinued in July, 1970.  Plaintiff was paid the sum of $2,000 and $18,000 was placed in trust for plaintiff with plaintiff's attorney. Plaintiff executed another general release.  In the 1970 agreement defendant agreed also to pay $1,500 per month to plaintiff.  The present complaint acknowledges such payments but asserts the sum is inadequate.  The cause of action in the 1969 complaint

was essentially the same as the second cause of action in the present complaint and also demanded $5,000,000 damages.

In the present action plaintiff in her first cause seeks the sum of $2,000 per week for maintenance, medical care and nursing, and a counsel fee of $20,000. Essentially the first cause sounds in contract and claims a breach thereof. The second cause seeks $5,000,000 damages for the alleged negligence of the defendant. All of us are agreed that by virtue of the releases the second cause of action cannot stand.

The mere fact that plaintiff, subsequent to the initial decree, accepted a lump sum as and for her maintenance and support and the decree was amended accordingly, would not automatically bar her from any possible future relief if the statute of the jurisdiction so permits (see *Hoops* v. *Hoops,* 292 N. Y. 428, 433). The cited case also points out that " an absolute divorce decree by a court of competent jurisdiction puts an end to the relation of husband and wife " (p. 432). The effect of a statute permitting modification of a decree so as to allow or modify support provisions is to include such reservation in the decree (see, also, *Spector* v. *Spector,* 49 Misc 2d 591, affd. 24 A D 2d 1082). The cases cited are New York cases. *Weintraub* v. *Weintraub* (302 N. Y. 104) involved a New Jersey decree of divorce, and an agreement for support executed between the parties during the pendency of the action. The agreement was not referred to in the final decree. Plaintiff sought unsuccessfully to recover damages for alleged fraud for defendant's misrepresentation of his net worth. Plaintiff did not seek rescission of the agreement nor did she attack its validity. The court declined to annul in part and enforce in part the agreement, or, in effect to write a new contract for the parties.

There is no doubt that the court may enforce or modify support provisions of foreign decrees (Family Ct. Act, § 466) when the statute so provides, because the right to alimony is derived from statute (Domestic Relations Law, § 236). (See *Kagen* v. *Kagen,* 21 N Y 2d 532; *Matter of Seitz* v. *Drogheo,* 21 N Y 2d 181.)

We do not construe the first cause as an effort to modify a divorce decree for upward support. As pleaded, plaintiff brings an action independent of the decree. The divorce decree having terminated the marital relationship, plaintiff's right to support, if any, must spring from the decree or a statutory provision which in effect writes into the decree a reservation so as to afford jurisdiction to the court. (See *Cushman & Wakefield* v. *John David, Inc.,* 23 A D 2d 827; *Cushman & Wakefield* v. *John David, Inc.,* 25 A D 2d 133.)

Order entered July 7, 1971 should be reversed on the law, and the motion to dismiss the complaint granted, without costs to either party, but with leave to plaintiff to apply at Special Term for leave to replead the first cause of action upon a proper showing of a valid cause of action.

McGIVERN, J. (dissenting). I disagree with the majority to the extent that I would affirm the denial of the motion to dismiss the first cause of action. It is a fair construction of the plaintiff's complaint that she seeks an upward revision of alimony based on a ground of need and subsequent change of circumstances. Dismissal does not lie. (*Kagen* v. *Kagen,* 21 N Y 2d 532; *Matter of Seitz* v. *Drogheo,* 21 N Y 2d 181.)

KUPFERMAN, McNALLY and MACKEN, JJ., concur with STEVENS, P. J.; McGIVERN, J., dissents in an opinion.

Order, Supreme Court, New York County, entered on July 7, 1971, reversed, on the law, the motion granted, and the complaint dismissed, without costs and without disbursements, but with leave to plaintiff to apply at Special Term for leave to replead the first cause of action upon a proper showing of a valid cause of action.