Howard A. Levbste, J.
In September, 1971, petitioner and respondent entered into a stipulation in her action for divorce, which permitted her to submit her proof by default and provided *975 that the divorce decree would award her $50 a week alimony until December 31, 1971, and $20 a week for the support of the infant daughter of the marriage. Pursuant to the stipulation, an uncontested trial was held September 28,1971, but the decree, which contained the foregoing provisions for alimony and support, was not submitted for signature to the acting Supreme Court Justice who presided at the trial until January 26, 1972. Thus, by the express terms of the decree the right of petitioner to receive alimony had expired some 26 days before the decree was actually signed.
The decree also provided that 11 matters of support, custody, visitation and alimony be referred to the Schenectady County Family Court or other court of appropriate jurisdiction.”
Petitioner now comes before the Family Court in a proceeding which she denotes as an application for a modification of the Supreme Court divorce decree. She seeks an order granting alimony to her, and an increase in the child support payments granted by the decree.
At the hearing petitioner satisfactorily established that the stipulation in the divorce action was entered into in contemplation that she would obtain .employment in her chosen profession of cosmetology. She did in fact obtain such employment in November, 1971, and was gainfully employed until she became ill with pleurisy and other serious complications. Her various ailments were ultimately diagnosed as a severe allergic reaction to any exposure to the dyes normally used in beauty salons and on the advise of her physician she terminated her employment in early February, 1972. She was still receiving medical treatment at the time of the hearing. Because of her physical condition she has been hampered in obtaining other employment, and she has had no independent source of income since last February. She is receiving public assistance to supplement the sum of $25 a week which the respondent has been giving her for child support.
Respondent was at the time of the divorce and still is employed at International Business Machines Corporation, earning a gross salary of $1,060 per month.
On the basis of the foregoing facts, petitioner has clearly established the kind of adverse change in circumstances which ordinarily would justify an upward modification of a prior support order, which I find respondent has the ability to pay. This seemingly simple issue is, however, seriously complicated by reason of the delay in the actual granting of the divorce decree and the fact the petitioner has chosen this court for the *976 relief she seeks rather than the Supreme Court, the forum in which she was granted her judgment of divorce. Also in question is the effect to be given to the order of referral in the decree.
Eespondent argues that the divorce decree, whatever its terms regarding alimony payments up to December 31, 1971, had no effective provision for payment of alimony at the time it was granted in January of 1972. Therefore, since there is no existing marital relationship between the parties, and since the Supreme Court denied alimony to petitioner when the divorce was actually granted, this court has neither general jurisdiction to award petitioner support, nor has it the right to modify a nonexistent Supreme Court alimony order.
The first question which respondent’s argument presents is whether a former wife has any right to relief by way of a subsequent award of alimony, if she was denied alimony in the final judgment of divorce. This must be answered in the affirmative. Section 236 of the Domestic Eelations Law expressly grants the Supreme Court the power, not only to “ annul or modify ” a direction to the husband to pay alimony in the final judgment, but also, “in case no such direction shall have been made in the final judgment ” to “ amend the judgment by inserting such direction ’ ’. Even before the enactment of this provision in section 236, it had been held that the Supreme Court has power to make an initial award of alimony subsequent to a final judgment dissolving the marriage even though at the time of judgment the wife had expressly waived alimony and had accepted a lump sum in lieu thereof. (See Nichols v. Nichols, 11 A D 2d 149 [4th Dept., 1960]; and Spector v. Spector, 49 Misc 2d 591.)
The second question then is, does the Family Court Act give this court the power to grant such alimony to the petitioner? She cites section 466 of the act as such authority. I conclude that it is not. Subdivision (a) of section 466 is not applicable, since the referral to Family Court in the decree does not provide that ‘‘ only the family court may entertain an application to enforce or * * * to modify such order or decree.” (Emphasis supplied.)
Nor does subdivision (c) of section 466 of the Family Court Act grant this court such power. As discussed previously, at the time the decree became effective it contained no provision directing respondent to pay alimony at that date or any subsequent date. I adopt the reasoning of Judge Potoker in Infanto v. Infanto (66 Mise 2d 699), which concluded that the exercise of Family Court jurisdiction under subdivision (c) requires a pre *977 existing grant of alimony by the Supreme Court. The heading of section 466 itself is entitled, “ effect of granting of support in action for divorce” (emphasis supplied). Moreover, the authority to modify a Supreme Court decree contained in subdivision (c) is modified and conditioned by the prefatory phrase, ‘ ‘ If the Supreme Court enters an order, or decree granting alimony ”. (Emphasis supplied.) The “ If ” can only be given effect by requiring a provision in the decree granting alimony before this court can act under subdivision (c) of section 466.
While the Infanto decision involved a foreign decree of divorce wherein the wife waived alimony, its reasoning is equally applicable under subdivision (c) of section 466 to a New York final judgment of divorce.
The foregoing interpretation of section 466 is consistent with the over-all statutory scheme defining the role of the Family Court in divorce, separation and annulment actions. Under part 6 of article 4 of the Family Court Act this court has been given broad jurisdiction concerning matters of alimony, support and child custody in Supreme Court matrimonial actions. Nevertheless, the Legislature carefully limited our jurisdiction so as not to infringe upon or to compete with the primary jurisdiction of the Supreme Court in such actions. Thus, except in narrow circumstances not applicable here, a Family Court order of support terminates when the Supreme Court makes an order of support in a matrimonial action, and the Family Court may not entertain a new petition for support when such an action is pending (Family Ct. Act, §§ 462 and 464, subd. [b]); and when the Supreme Court has acted on support in an order or final judgment, the Family Court’s power is limited to either enforcement, or modification upon a change in circumstances (Family Ct. Act, §§ 461 and 466).
In only two instances does the Family Court Act permit this court to make an order of support when the Supreme Court has failed to order such support in matrimonial litigation. Under section 461 of the act the Family Court may make a new order for child support although a matrimonial action may be pending or even completed if the Supreme Court fails to so provide. Under section 465 of the act it is permitted to make an award of support to a wife denied support in the final adjudication of an action for separation, upon a showing of a change in circumstances. In each of these instances, there exists legal relationships which have survived the action or nonaction of the Supreme Court, and the opportunity for conflict between the two courts is minimal, since in the first instance the Supreme *978 Court did not act on the question, and in the second a change of circumstances must be shown.
As pointed out in Chrestman v. Chrestman (60 Misc 2d 780), the failure of the Supreme Court to award alimony may be deemed a determination that petitioner was not entitled to it. It would therefore be entirely consistent with the policy of the Legislature to avoid conflict with Supreme Court to permit the Family Court to act under section 466 .only in a case where the wife’s right to future support was established by the court granting the decree.
While section 466 does not afford a remedy to petitioner, I have concluded that this court may grant the relief requested under subdivision (a) of section 464 by reason of the provision of the decree that referred to Family Court “matters of support, custody, visitation and alimony.” (Emphasis supplied-.)
Subdivision (a) of section 464 provides that “in an action for divorce, separation or annulment * * * the supreme court * * * may refer to the family court an application for temporary or permanent support or both.” When such referral is made, the danger of conflict between courts is eliminated and therefore section 13 of article VI of the Constitution (Judiciary) and subdivision (a) of section 464 both confer on this court the “ same powers possessed by the supreme court ”.
Unquestionably the Supreme Court, in granting the decree referring future ‘ ‘ matters of * * * alimony ’ ’ to Family Court, while at the time denying petitioner any right to prospective alimony in the decree, must have contemplated that such “matters” included an application, pursuant to section 236 of the Domestic Relations Law, to insert, after final judgment, a new direction to support the wife.
Nor does the fact that this application has been made subsequent to final judgment prevent such referral under subdivision (a) of section 464. As previously pointed out, the provisions of section 236 of the Domestic Relations Law clearly establish that a matrimonial action in the Supreme Court does not end upon the entry of final judgment, but remains alive as to matters of support, alimony and child custody as the circumstances of the parties may subsequently require in the interest of justice. As stated by the court in Joffe v. Spector (27 A D 2d 406, 408 [4th Dept., 1967]): “ with increasing liberality the law has recognized the right of a spouse to make continous applications, based upon changed circumstances, to modify support and custody provisions * * * The effect of the law is to write a reservation of jurisdiction into every matrimonial judgment.” *979 Therefore, in the instant case, the Family Court may entertain this application with the same powers possessed by the Supreme Court to insert in the decree a new direction to pay alimony to petitioner under the criteria for awarding alimony and support in section 236 of the Domestic Relations Law.
Under these criteria, petitioner has clearly established a right to relief. She has been temporarily incapacitated from engaging in any employment, and permanently incapacitated from engaging in the career which the parties contemplated she could pursue when their divorce was pending, the only one for which she has any special skills. She should be given an opportunity fully to recover from her physical ailments and to obtain some employment. Respondent is therefore directed to pay the sum of $50 per week to' petitioner for [her] support for a period of six months or until petitioner obtains full-time employment, whichever event shall occur first. Thereafter he is to pay petitioner $15 per week. He is also directed to pay $20 each week for child support, as provided in the divorce decree.