Eileen A. Sullivan, J.
Petitioner seeks modification of an order of the Family Court of Rensselaer County dated July 9, 1971. The matter was transferred to this court due to change of residence of the parties.
*207 On January 22, 1971, the Rensselaer County Family Court directed that “ the current support order in the amount of $30.00 per week shall be continued ’ ’. On April 19, 1971, petitioner was awarded a judgment of divorce by the Supreme Court of Rensselaer County. The decree provided that “ the Order of the Family Court of Rensselaer County be the Order of the Supreme Court in respect of support, and that the Family Court of Rensselaer County have concurrent jurisdiction with this Court in respect to custody, visitation and support.”
On June 22, 1971, respondent petitioned for modification of the order of January 22. In his petition he stated that at the time the direction to pay $30 a week support was made, it was his understanding that he was to collect two rents from the house owned jointly by him and petitioner and that he was to make utility and mortgage payments therefrom; that he was collecting only one rent of $55 a month and his former wife was collecting the other rent of $35, and he requested that either his former wife give him the rent money in full or keep the rent money and pay the bills. He also requested an order of visitation.
The order of July 9, 1971, modification of which is sought now, directed respondent to deed over the jointly-owned property to petitioner, to continue to pay $30 a week child support, and make the mortgage payments. Petitioner was permitted to collect and keep the rent, out of which she was to pay the utilities. The order further provided that ‘ ‘ upon application of either party, after the disposal of the house, a hearing be held to determine the amount of current support for the child and the wife.” Visitation rights also were fixed.
The house subsequently was sold and the proceeds disposed of. Thereafter, on June 15, 1972, petitioner requested modification of the order of July 9, 1971 to include support for herself and new visitation orders.
Respondent now claims that petitioner is not entitled to alimony since the divorce decree contained no provision therefor. However, section 236 of the Domestic Relations Law provides that in an action for a divorce, ‘ ‘ the court may direct the husband to provide suitably for the support of the wife as, in the court’s discretion, justice requires ”. The section further provides that ‘ ‘ such direction may be made in the final judgment in such action or proceeding, or by one or more orders from time to time before or subsequent to final judgment, or by both such order or orders and the final judgment. ’ ’
*208 In Smith v. Smith (60 Misc 2d 692), the Family Court of Ontario County held that, even though a final judgment of divorce had been entered and filed and the order made no mention of alimony, the Family Court had jurisdiction to decide the question of support or alimony under section 236 of the Domestic Relations Law and section 466 of the Family Court Act.
That respondent himself recognized the jurisdiction of the Family Court to determine matters of support is evidenced by the fact that on June 22, 1971, some two months after entry of the divorce decree, he petitioned Rensselaer County Family Court for modification of its order of January 22, 1971. The Judge to whom the petition was presented certainly was aware of the divorce since, in his petition, respondent referred to petitioner herein as his ‘ ‘ former wife”.
In Matter of Shirley M. v. Craig Bruce M. (70 Misc 2d 974), the Family Court of Schenectady County held that it had jurisdiction to entertain an application for alimony where, by the terms of a separation agreement, petitioner’s right to alimony expired before the decree actually was signed. Respondent there claimed that since there was no longer any existing marital relationship between the parties, and .since the Supreme Court had denied alimony to petitioner when the divorce was granted, the Family Court had neither general jurisdiction to award petitioner support nor the right to modify a nonexistent Supreme Court alimony order. Relying on section 236 of the Domestic Relations Law and subdivision (a) of section 464 of the Family Court Act, the court held (p. 979) that “ the Family Court may entertain this application with the same powers possessed by the Supreme Court to insert in the decree a new direction to pay alimony to petitioner under the criteria for awarding alimony and support in section 236 of the Domestic Relations Law.”
In Joffe v. Spector (27 A D 2d 406, 408), the Appellate Division, Fourth Department, held that “ Since the enactment of chapter 240 of the Laws of 1925 the jurisdiction of the courts over the parties and over incidental subject matter (support) became a continuing one. This concept * * * has been strengthened with the passage of time and is clearly broader than ever under section 236 of the Domestic Relations Law. With increasing liberality the law has recognized the right of a spouse to make continuous applications, based upon changed circumstances, to modify support and custody provisions * * * The effect of the law is to write a reservation of *209 jurisdiction into every matrimonial judgment. While the judgment terminates the relation of husband and wife (status), it does not put an end to the legal and economic incidents of the marriage.”
Accordingly, it seems clear that this court has jurisdiction to entertain the petition herein.
A statement filed by respondent on July 10, 1972 with the Family Court of Rensselaer County shows his net weekly earnings to be $138. A similar statement filed by petitioner shows that she had no weekly earnings. She testified that she is not employed at the present time. However, in addition to the $30 weekly support payment, she receives $60 a month from her father for board and a semimonthly social security payment of $66.38. Under the circumstances, respondent is directed to pay petitioner the sum of $20 a week for her support, in addition to the $30 child support he already is paying.
With respect to visitation, an interview with the boy indicates that he feels affection for his father and enjoys his company. However, he is unhappy over his parents’ divorce and resents respondent’s new family. It would appear, therefore, that to force upon him visitation arrangements to which he is strongly opposed would not be in the child’s best interests and would, undoubtedly, damage the relationship between him and his father. Therefore, visitation rights will remain at two or three times a week, at reasonable hours, and upon notice to petitioner. The child indicated a willingness to have dinner at respondent’s home occasionally, and to visit on some holidays, although not on Christmas or Easter. These preferences should be respected. In time, extension of visitation rights may be requested when the boy is ready to accept them without emotional stress.