## (March 25, 1976)

BARBARA PAP, Respondent, v LEO PAP, Appellant.—Appeal from an order of the Family Court of Ulster County, entered March 13, 1974, which directed the appellant to pay to petitioner the amount of $400 per month for support for a period of one year following the entry of the order and further directed the appellant to pay to the attorney for the petitioner counsel fees in the sum of $1,000. The petitioner was granted a divorce from the appellant by the Supreme Court, Ulster County, in a decree dated June 29, 1972. The decree provided that the appellant "shall not be required to support the [petitioner]". At Special Term, January 5, 1973, petitioner moved for an order modifying the divorce decree to provide for alimony and counsel fees for the proceeding. Special Term determined that, pursuant to section 236 of the Domestic Relations Law, it had the power to grant the relief sought and that, pursuant to section 464 of the Family Court Act, it had the authority to refer to that court the application for permanent support. The matter was referred to the Family Court of Ulster County or the Family Court of such other county having appropriate jurisdiction. The order referring the case was dated March 17, 1973. No appeal was taken from that order. Thereafter, the Family Court of Ulster County rendered a decision dated January 31, 1974 upon which the order appealed from was entered. At the outset, it is noted that the order appealed from has been complied with and restitution of payments made is not sought. While it is contended by the petitioner that these facts render this appeal moot, we conclude that a determination should be made to put at rest the question of whether petitioner may make applications in the future to compel appellant to make support payments to her. Section 236 of the Domestic Relations Law provides, in part: "In any action * * * for a divorce, the court may direct the husband to provide suitably for the support of the wife * * *. Upon the application of either the husband or the wife, upon such notice to

the other party and given in such manner as the court shall direct, the court may annul or modify any such direction, whether made by order or by final judgment, or *in case no such direction shall have been made in the final judgment may, with respect to any judgment of * * * divorce whenever rendered, amend the judgment by inserting such direction."* (Emphasis supplied.) The effect of section 236 is a clear reservation of jurisdiction in every matrimonial judgment to assure the power of the court to modify alimony directions (from time to time), whether they initially came about by prejudgment order, or in the judgment, or by postjudgment order *(Ludwig v Ludwig,* 38 AD2d 214; *Joffe v Spector,* 27 AD2d 406, 408; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law, 236, pp 138–139). It would be inconsistent with the legislative intent to narrow the court's discretion by distinguishing between a divorce decree that is silent as to alimony and the present case where the decree provides "that the [appellant] shall not be required to support the [petitioner]". Under the continuing jurisdiction provided in section 236 of the Domestic Relations Law, the action was still pending at the time Special Term made the order referring the application for modification to Family Court *(Hoops v Hoops,* 292 NY 428, 433). The referral was, therefore, authorized under subdivision (a) of section 464 of the Family Court Act and the Family Court had jurisdiction with the same powers possessed by the Supreme Court. The cases of *Matter of Silver v Silver* (36 NY2d 324) and *Matter of Fine v Fine* (65 Misc 2d 87), cited by appellant, are inapposite. Both are concerned with situations involving section 466 while here the referral to Family Court by the Supreme Court was pursuant to section 464 of the Family Court Act. Order affirmed, with costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.