OPINION OF THE COURT
Donald E. Belfi, J.
In 1971 Stanley and Lola Kroul, defendant and plaintiff in the instant action, respectively, were granted a judgment of divorce (Supreme Court of the State of New York, Nassau County). In 1973 the same parties contractually modified the alimony and child support provisions of said decree.
Lola Kroul instituted the present action against Stanley Kroul for payment of arrears under the afore-mentioned *1032 contract. Plaintiff’s motion for summary judgment was granted against the defendant, Stanley Kroul (October 19, 1978). Defendant now moves to vacate said judgment, claiming that stare decisis prohibits this court from enforcing the alimony decree in light of the decision of the United States Supreme Court in Orr v Orr (440 US 268).
In that case the United States Supreme Court found the alimony statute of the State of Alabama to be repugnant to the equal protection clause of the United States Constitution in that it employed sex as a basis for classification without the necessary exigent circumstances being present. New York’s alimony statute (Domestic Relations Law, § 236) suffers from the same suspect categorization, and is even more difficult to render gender neutral than Alabama’s statute. Moreover, this very issue has been decided, and this court thinks properly, by Justice Blyn of the New York State Supreme Court, New York County, in the case of Laka v Laka (NYLJ, March 20, 1979, p 12, col 3).
Employing the tool of judicial construction, section 236 of the Domestic Relations Law must be construed to afford equal eligibility to both spouses for alimony. Assuming arguendo that the entire section must be voided as unconstitutional, the effect of such has been held to be prospective only; the pragmatic results of a retroactive application being unwieldy and, on a public basis, unconscionable. (See Chevron Oil Co. v Huson, 404 US 97; Thaler v Thaler, 89 Misc 2d 315, revd on other grounds 58 AD2d 890.) Accordingly, Orr v Orr (supra) does not bar the enforcement of defendant’s alimony obligations.
As to the contract altering the support provision, said agreement ostensibly was executed without duress or coercion. The parameters of the husband’s rights to contract concerning his obligation to support his wife were, however, circumscribed by section 5-311 of the General Obligations Law. The same section does address the wife’s contractual rights, but provides an entirely different standard. This, when viewed through the equal protection clause as applied in Orr v Orr (supra) is clearly unconstitutional.
A statute which classifies those it affects on the basis of sex is subject to scrutiny under the equal protection clause. (Reed v Reed, 404 US 71.) While not, per se violative of the Constitution, such statutory schemes can be sustained only if they are shown to be substantially related to the achievement of impor *1033 tant governmental objectives. (Califano v Webster, 430 US 313.)
This court cannot discern any clear governmental objectives to be served by the classification contained in section 5-311 of the General Obligations Law. The use of gender distinction to insure that the financial security of ex-spouses is derived from their former partners merely substitutes a sexual shorthand for financial fact finding. Such is impermissible in view of Orr v Orr (supra).
While the court is of the opinion that section 5-311 of the General Obligations Law is unconstitutional, it does not presently so hold, as (1) the defendant never directly challenged the constitutionality of said statute and (2) because of the lack of any formal issue concerning the constitutionality of said statute, the Attorney-General of New York State was never invited to intervene, as is his right pursuant to CPLR 1012.
While any judicial declaration of unconstitutionality of this statute would most probably have effect prospectively of Orr v Orr (supra), the court urges that the Legislature make immediate comprehensive revision of New York State’s alimony and support provisions, including pertinent sections of the General Obligations Law.
In light of the above, defendant’s motion to vacate this court’s October 19, 1978 summary judgment order in favor of the plaintiff is denied. Plaintiff may enter judgment in the amount of $6,000 plus interest, costs and disbursements.