■  RAYA GOODELL, Respondent, v RICHARD GOODELL, Appellant.—Appeal from an order of the Family Court of Clinton County, entered November 13, 1979, which granted plaintiff's application for additional support. After a hearing, the Family Court held that the plaintiff had demonstrated a change in her financial circumstances, entitling her to a modification upward (from $4 per week to $20 per week) of a support order of that court, dated September 12, 1972, and granted before the judgment of the Supreme Court divorcing the parties. The judgment of divorce between these parties, entered February 9, 1973, specifically provides that the defendant shall provide for the support and maintenance of the respondent as provided by the order of the Family Court granted on September 12, 1972 and that the Supreme Court and the Family Court shall have concurrent jurisdiction of any application for a modification of the support provisions of the decree. The grounds for this appeal are the claimed lack of a sufficient showing of a change in circumstances, the defendant contending that the plaintiff has failed to prove her likelihood of becoming a public charge, as well as the unconstitutionality of sections 412, 442 and 466 of the Family Court Act and section 236 of the Domestic Relations Law as a consequence of the decision of the United States Supreme Court in *Orr v Orr* (440 US 268). The support provisions contained in the judgment, which continue the amount of the prior Family Court order, can hardly be considered an independent agreement, which would require the plaintiff to show the danger of becoming a public charge in order to succeed (see *McMains v McMains,* 15 NY2d 283). On the contrary, the reliance of the divorce judgment on the prior Family Court order to provide support to the plaintiff and the grant of concurrent jurisdiction to the Family Court in the event a modification of the support provisions was sought, clearly demonstrate that the plaintiff could succeed by showing an increase in her needs and in the defendant's means and that her financial change of circumstances for the worse, as well as the defendant's financial change for the better, provided a sound discretionary basis for the Family Court's increase of the plaintiff's support by $16 per week *(Matter of Fisher v Dukelow,* 56 AD2d 739). The plaintiff met this burden since the hearing revealed that the plaintiff had lost her position as a cleaning lady under the CETA program and remained unemployed despite her efforts to obtain work and that the defendant's income was $150 per week from his regular employment plus his extra income earned by working every Saturday night in a bar and grill owned by his present wife, whom he married after his divorce from the plaintiff. The defendant's potshot at the constitutionality of all of the above-enumerated statutes hits only section 236 of the Domestic Relations Law. The provisions of sections 412 and 442 of the Family Court Act are either irrelevant to the factual pattern herein or inapplicable because of the existence of the divorce judgment from which the rights of the parties now flow. Section 466 of the Family Court Act, pursuant to which jurisdiction was granted to the Family Court herein, contains no sex-based distinction and, thus, falls outside the ambit of defendant's constitutional challenge. The marital relationship of the parties was terminated by the judgment of divorce, and the plaintiff's right to support must spring from the decree or a statutory provision which, in effect, writes into the decree a reservation so as to afford jurisdiction to the court *(Ludwig v Ludwig,* 38 AD2d 214, 216). The authority for the prior order of the Family Court, the effect of which is continued in the divorce

judgment, is section 236 of the Domestic Relations Law.* This statute is sex based insofar as it imposes a financial obligation only against the husband in favor of the wife, and suffers, therefore, from the same constitutional infirmity that caused the United States Supreme Court to strike down a similar Alabama statute in *Orr v Orr (supra)*. Because it is sex based, it is discriminatory and violates the equal protection clause of the Constitution of the United States. When the urged unconstitutionality of a statute is based on its violation of the equal protection clause, the statute should be read expansively, if possible, to include the improperly excluded class and thus preserve its constitutionality; especially where, as here, the failure to do so would catastrophically damage public policy by creating a hiatus in all family need, there being no common-law right to alimony *(Weintraub v Weintraub,* 302 NY 104, 108) to fall back on if the statute fails. No violence will result to the purpose and intent of section 236, by reading it in a gender-neutral manner that makes it applicable to either spouse and affords equal eligibility for alimony to both spouses *(Kroul v Kroul,* 99 Misc 2d 1031)*, thereby purging the statute of its sex-based discrimination. Authority for reading into an alimony statute such matter as necessary to preserve its constitutionality exists (see *Matthews v Matthews,* 240 NY 28). Sections 237 and 244 of the Domestic Relations Law were preserved in *Childs v Childs* (69 AD2d 406) in much the same manner when attacked for similar reason. This reconstruction of the statute in appropriate and necessary circumstances must be retroactively applied as of the date of the original support order herein, September 12, 1972, since the authority for that order was section 236 of the Domestic Relations Law, and this section, as preserved, supplies the power to modify the support provisions of a divorce decree upon a proper showing of changed circumstances even by a post judgment order *(Pap v Pap,* 51 AD2d 1091). Accordingly, the order of the Family Court should be affirmed. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.

---

* Section 236 of the Domestic Relations Law in relevant part states: "In any action or proceeding brought * * * for a divorce, the court may direct the husband to provide suitably for the support of the wife as, in the court's discretion, justice requires".