OPINION OF THE COURT
Leon Deutsch, J.
The question here presented is whether the Family Court has jurisdiction to entertain, and whether, in the circumstances, it should entertain, an application for an initial award of alimony subsequent to a Supreme Court decree of divorce, which decree made no alimony award and where the Supreme Court made no referral of the *562 alimony question to the Family Court before or after judgment, and where the petitioner ex-wife now claims she is in danger of becoming a public charge.
Petitioner herein applied for such an award of alimony subsequent to a decree of divorce, and respondent has moved by motion, dated May 20, 1983, for an order dismissing petitioner’s application for lack of personal jurisdiction, lack of subject matter jurisdiction, and on the ground that the petition is fraudulent in that it fails to disclose the fact that a previous application for the same relief was made by petitioner in Supreme Court, Queens County, on December 23, 1982, which application was settled by agreement of the parties and reduced to a Supreme Court order on April 8, 1983. In addition to the foregoing, respondent seeks an award of counsel fees and a reasonable adjournment in the event that the instant motion is denied. Petitioner, in her opposing papers, also seeks counsel fees.
On June 13, 1983, all supporting and opposing papers were submitted by the parties after oral argument, and decision on the matter was reserved.
Having considered the arguments, exhibits and affidavits in the instant motion, the court finds as follows:
Petitioner and respondent were divorced on October 30, 1978 pursuant to a judgment entered by the Supreme Court, Queens County. The divorce judgment incorporated the terms of the parties’ prior separation agreement of April 24, 1969. The judgment provided that respondent would pay one half of his net weekly income (but not less than $100 per week) for support of the parties’ two minor children, but contained no order of alimony. Instead, the judgment stated that at the time of the divorce, petitioner waived any claim she had to alimony. In addition, the judgment provided Family Court with concurrent jurisdiction to enforce, modify or make further decrees with respect to the issues of alimony, support, custody and visitation.
Prior to her petition herein, on December 23, 1982, petitioner had moved by order to show cause in Supreme Court, Queens County, for an order directing, inter alla, entry of a money judgment on arrears of unpaid child *563 support which allegedly exceeded $15,000 and for an alimony award in the amount of $100 per week. Respondent opposed the applications and made a cross motion for a reduction of the arrears and for a dismissal of the request for alimony on the ground that the terms of the parties’ separation agreement, which survived their divorce, barred an award of alimony.
On March 14, 1983, the parties entered into an agreement in full settlement of their respective motions in the Supreme Court which was entered as an order of the Supreme Court on April 8, 1983. In pertinent part, the Supreme Court order fixed arrears for unpaid child support in the amount of $4,000 of which $500 was to be paid by respondent by a date certain and the balance by a payroll deduction in the biweekly amount of $75. The order, which made no provision for alimony, also provided that the parties’ settlement was in full satisfaction of all claims in their respective motions, and also provided that petitioner’s application for maintenance was withdrawn.
On April 15, 1983, one week after the Supreme Court order was entered, petitioner filed the instant petition in this court under article 4 of the Family Court Act seeking an award of alimony de nova not granted in the decree. The petition herein alleges that petitioner, ex-spouse, is in danger of becoming a public charge, and therefore seeks an order of alimony in the amount $50 per week.
The Family Court is a court of limited jurisdiction whose competence to entertain a given matter is strictly defined by statute. Unless clearly conferred by the provisions of the Family Court Act, the Family Court has no authority to determine a particular matter. (Matter of Borkowski v Borkowski, 38 AD2d 752.)
Under the provisions of subdivision (c) of section 466 of the Family Court Act, the court may properly exercise subject matter jurisdiction over applications to either enforce or modify alimony orders contained in a divorce decree made by the Supreme Court which granted concurrent jurisdiction to the Family Court. In the instant case, it is clear that subdivision (c) of section 466 of the Family Court Act is inapplicable, since no alimony had been *564 awarded in the divorce decree nor in the subsequent Supreme Court order of April 8,1983. Therefore, there is here no order or decree capable of modification under the provisions of subdivision (c) of section 466 of the Family Court Act. (Matter of Silver v Silver, 36 NY2d 324; Matter of Shirley M. v Craig M., 70 Misc 2d 974.)
. Section 463 of the Family Court Act, cited by the petitioner in her papers as a separate and additional basis for an initial award of alimony, as a spouse who is likely to become in need of public assistance, in the face of a separation agreement between her and her former spouse which did not provide support for her, is inapposite. That section relates to a spouse, and not to an ex-spouse whose separation agreement was incorporated into a subsequent decree of divorce.
Section 236 of the Domestic Relations Law, however, does give to an ex-spouse the right to petition the Supreme Court, and to the Supreme Court the authority to make, an order for an initial award of alimony subsequent to a judgment of divorce. This power of the Supreme Court has not been dismissed by the 1980 and 1981 amendments to section 236 of the Domestic Relations Law (the equitable distribution statute).
The Supreme Court also has the power to refer such application to the Family Court. (Family Ct Act, § 464, subd [a].) Upon a referral, the Family Court has jurisdiction to make an initial award of alimony postdecree with the same powers possessed by the Supreme Court. (Pap v Pap, 51 AD2d 1091.)
In the instant matter, the divorce decree declares that the Supreme Court retains jurisdiction of the matter, concurrently with the Family Court “to the extent permitted by law, of making such further decree with respect to alimony, support, custody or visitation” (emphasis added).
The law, however, is governed here by subdivision (a) of section 464 of the Family Court Act with respect to an application for such an initial award of alimony by the Family Court which explicitly requires a referral from the Supreme Court. Nothing less than a referral complies with the statute. Indeed, the absolute requirement for a specific referral is patent in the wording of the statute which gives *565 to the Supreme Court the discretion to make such a referral {“may refer to the family court an application” [emphasis added]), and additional language which makes it equally plain that the Family Court has jurisdiction only “[¿]/”the supreme court so refers an application” (emphasis added; see, too, Matter of Leona G. v Edwin G., 101 Misc 2d 824).
Such a specific referral was never made in this case, neither in the decree nor in the postdecree order by the Supreme Court. Indeed, as above indicated, the Supreme Court had the entire matter before it very recently, including petitioner’s application for alimony. The Supreme Court disposed of the entire matter by an order, inter alla, wherein the petitioner withdrew her application for maintenance. Not only was no referral of the alimony issue ever made, but it may be reasonably inferred that no referral was ever contemplated by the Supreme Court.
In the circumstances, the only remaining avenue by which this court could assume jurisdiction of the instant matter would be to entertain it pursuant to subdivision (b) of section 464 of the Family Court Act. That statute provides as follows: “In the absence of an order of referral under paragraph (a) of this section and in the absence of an order by the supreme court granting temporary or permanent support or maintenance, the family court during the pendency of such action may entertain a petition and may make an order under section four hundred forty-five of this article for a spouse who is likely to become in need of public assistance or care.”
Case law holds that subdivision (b) of section 464 of the Family Court Act enables the Family Court to make initial directions regarding alimony postjudgment, in the absence of a Supreme Court referral, if the applicant was likely to become in need of public assistance. (Matter of Buchek v Buchek, 78 AD2d 948; see, too, Matter of Sergi v Sergi, 58 AD2d 692.)
However, the exercise of jurisdiction under subdivision (b) of section 464 of the Family Court Act is discretionary with the court. As set forth in that statute, the Family Court “may entertain a petition and may make an order * * * for a spouse who is likely to become in need of public *566 assistance or care” (emphasis added; see, also, McKinney’s Cons Laws of NY, Book 1, Statutes, § 177). Thus, petitioner’s allegation that she is in danger of becoming a public charge may entitle her to a hearing, in the discretion of this court depending upon the circumstances of the case.
The facts and circumstances of the instant matter raise the very grave question of “forum shopping” — a practice which the court must vigorously discourage. The petitioner very recently sought in the Supreme Court the same relief she seeks here. The Supreme Court proceeding resulted in the subsequent agreement between the parties, in which petitioner withdrew her claim for alimony and otherwise settled all claims, and which agreement was entered as an order of the Supreme Court on April 8, 1983. Hardly was the ink dry on that order of the Supreme Court, when she was in this court seeking what she did not get from the Supreme Court, the court which had and has the power to grant such relief.
Upon the law, and upon the totality of the circumstances, it is this court’s determination that the Supreme Court, as the court which made the original decree, and which entertained the very recent postdecree application, is the appropriate forum in which petitioner’s rights to alimony, if any, should be established.
Although this court holds that it has the discretionary power to entertain the petition pursuant to subdivision (b) of section 464 of the Family Court Act, it, nevertheless, declines jurisdiction for all of the reasons herein set forth.
Having determined that this court will not, in the exercise of discretion, assume jurisdiction of the matter, the court need not and does not reach the alternative grounds for dismissal raised by the respondent in his motion to dismiss.
Accordingly, the petition is dismissed.