OPINION OF THE COURT
Mortimer Getzels, J.
The petitioner the Commissioner of Social Services, as assignee, has filed objections to the hearing examiner’s recommendation of August 21, 1985, that respondent is not liable for the support of his ex-wife, assignor.
Petitioner assignee filed a petition on behalf of assignor for support pursuant to Family Court Act article 4 on July 26, 1984. On September 17, 1984 an order of support was entered directing respondent to pay $50 per week to the Support Collection Unit for the Department of Social Services for his wife and two children. A contingent payroll deduction was to be entered upon three defaults. On January 18, 1985, a matrimonial action brought by the respondent resulted in a judgment of divorce based upon assignor’s abandonment. The divorce decree made no mention of alimony or child support, nor was there a referral of these issues to Family Court.
On July 2, 1985, respondent commenced the instant supplementary proceeding for downward modification of the support order. Respondent contends that since the entry of said order, there has been a change of circumstances in that (1) on *244 January 1, 1985 a judgment of divorce was filed and (2) respondent had received notice dated June 19, 1985 of an intention to implement the income deduction order even though no arrears were outstanding.
On July 2, 1985, on consent of the parties, the hearing examiner found that a payroll deduction order should not have been issued, and that respondent had, in fact, overpaid $100. At a later hearing held on August 21, 1985, the hearing examiner recommended dismissal of the petition for downward modification. The recommendation also included that respondent should be ordered to continue payments of $50 per week for the support of his two children only; the assignor should be removed from the order, respondent having obtained a divorce decree on the basis of fault. The petitioner assignee asserts that the hearing examiner erred in her reliance on matrimonial fault as a basis for denying support.
A determination as to whether matrimonial fault is grounds for denying support to an ex-spouse is unnecessary. The threshold issue presented by this proceeding is jurisdictional in nature: Does the Family Court have jurisdiction to compel support of an ex-wife where no alimony or maintenance was awarded in the divorce decree and where there has been no referral to the Family Court?
A husband’s obligation to support his spouse is set forth in Family Court Act §§412 and 415. Family Court Act §412 provides: "A married person is chargeable with the support of his or her spouse and, if possessed of sufficient means or able to earn such means, may be required to pay for his or her support a fair and reasonable sum, as the court may determine, having due regard to the circumstances of the respective parties.” Family Court Act § 415 provides: "Except as otherwise provided by law, the spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof or of a patient in an institution in the department of mental hygiene, if of sufficient ability, is responsible for the support of such person or patient”.
However, "the Family Court has no power under §§ 412 and 415 of the Family Court Act to make provisions for the support of an ex-wife * * * since the relationship of wife and husband must be found to be existing between the parties before an order for the support of the spouse can be made.” (19A Carmody-Wait 2d, NY Prac, § 119:21, at 518; see also, Matter of Russo v Rizzo, 96 Misc 2d 485.)
*245 Here, the prior order of support was issued while the parties were still married. Parties are now divorced. Therefore, the Family Court has no direct authority under Family Court Act article 4 to order further support for an ex-spouse. Any entitlement owed this ex-wife would stem from an award of maintenance only.
The Family Court’s jurisdiction over maintenance stems from Family Court Act §§464 and 466. Family Court Act § 464 (b) provides: "(b) In the absence of an order of referral under paragraph (a) of this section and in the absence of an order by the supreme court granting temporary or permanent support or maintenance, the family court during the pendency of such action may entertain a petition and may make an order under section four hundred forty-five of this article for a spouse who is likely to become in need of public assistance or care.” Family Court Act § 466 (c) provides in pertinent part: "(c) If the supreme court enters an order or decree granting alimony, maintenance or support in an action for divorce, separation or annulment and if the supreme court does not exercise the authority given under subdivision (a) or (b) of this section; or if a court of competent jurisdiction not of the state of New York shall enter an order or decree granting alimony, maintenance or support in any such action, the family court may
"(i) entertain an application to enforce the order or decree granting alimony or maintenance, or "(ii) entertain an application to modify the order or decree granting alimony or maintenance on the ground that there has been a subsequent change of circumstances and that modification is required.”
Here, the divorce decree neither granted maintenance nor directed a referral of the issue of maintenance to the Family Court during the pendency of the matrimonial action. Petitioner assignor is receiving public assistance. However, there is no petition for either an initial award (Family Ct Act § 464 [b]) or for a modification of the divorce decree to provide maintenance (Family Ct Act § 466 [c]; see, Matter of Sergi v Sergi, 58 AD2d 692). The only proceeding before this court is respondent’s application for downward modification. The Family Court, a court of limited jurisdiction, can only act on a proceeding pending before it.
As a result of the foregoing, the court lacks jurisdiction to *246 compel respondent to support petitioner assignor. Accordingly, the hearing examiner’s report is confirmed on these other grounds.