■ LUCILLE DUKE, Respondent, v WALLACE E. DUKE, Appel-

lant.

Initially, we note that the defendant's motion to vacate the income deduction order of May 8, 1987, was academic. That order had been withdrawn by the Supreme Court on June 26, 1987, before the defendant's motion was filed.

With respect to the June 26, 1987, income deduction order, the defendant raises two challenges. First, he claims that he was released from his maintenance obligation by a "general release" signed by the plaintiff on January 9, 1987. This claim is meritless. The release in question, by its own terms, released the defendant, upon payment of $2,500, from his obligation to pay arrears in maintenance payments which occurred between the years 1980 and 1986. The release, on its face, could not be interpreted to relieve the defendant of his continuing future maintenance obligation under the divorce decree. Furthermore, there is no evidence in the record that the parties intended for the release to have such an effect (cf., *Ludwig v Ludwig,* 38 AD2d 214, 215).

Second, the defendant erroneously claims that a stipulation of discontinuance signed by the parties' attorneys on January 13, 1987, barred the wife's subsequent applications for an income deduction order. The stipulation of discontinuance acted solely to discontinue the then-pending suit for arrears which accrued between 1980 and 1986 and did not preclude future actions to enforce the maintenance obligation. The defaults in payment which were the subject of the income deduction order all occurred subsequent to January 1987. Accordingly, the Supreme Court properly denied the defendant's motion to vacate the income deduction order. Thompson, J. P., Bracken, Brown, Weinstein and Spatt, JJ., concur.