OPINION OF THE COURT
Jeffry H. Gallet, J.
Petitioner objects to the Hearing Examiner’s order denying her an order of support. Those objections are denied and the Hearing Examiner’s order affirmed, not for the reasons set forth by the Hearing Examiner in her decision, but, rather, for the reasons set forth in this opinion.
The parties were married on October 28, 1961 and divorced by a judgment of the Supreme Court, Bronx County, on July 30, 1982. There was no issue of that marriage.
The divorce judgment did not provide for an order of sup *590 port but did state that "[t]he Family Court shall have concurrent jurisdiction on all matters relating to support.”
The Family Court hears matters of spousal support pursuant to sections 412 and 415 of the Family Court Act. The Family Court’s jurisdiction to issue spousal orders of support terminates upon the issuance of a judgment of divorce unless the judgment contains an order of support or a specific referral to the Family Court for the purpose of considering the entry of such an order. (Trazzi v Trazzi, 49 AD2d 954 [2d Dept 1975]; Matter of Carter v Carter, 19 AD2d 513 [1st Dept 1963]; Matter of Commissioner of Social Servs. v John C., 130 Misc 2d 243 [Fam Ct, NY County 1985]; Matter of Emily K. v Matthew K., 120 Misc 2d 561 [Fam Ct, Kings County 1983]; Family Ct Act § 464.)
At issue is whether the Supreme Court’s sentence stating that the Family Court shall have concurrent jurisdiction with the Supreme Court relating to matters of support constitutes a referral to the Family Court for purposes of entry of an order of support. This court holds that it does not.
Although this court has discovered no law on point, logic leads inexorably to the conclusion that a referral from one court to another for the purpose of entry of an order should be specific and unambiguous. The language here merely indicates that a subsequent petition, if any, might be filed in the Family Court. It is not a referral for the purpose of determining whether an order should be issued, but rather a ratification of the concurrent jurisdiction of the courts.
It might be argued that the petitioner can pray for an order of support if she is, or is about to become, a public charge. (Family Ct Act § 464 [b]; see, Matter of Buchek v Buchek, 78 AD2d 948 [3d Dept 1980]; Matter of Sergi v Sergi, 58 AD2d 692 [3d Dept 1977].) However, that question is not before the court since she neither pleaded nor proved public charge status.
It is unnecessary to consider petitioner’s other arguments because the Family Court does not have the jurisdiction to consider an initial award of support to an ex-spouse under these circumstances.