[889 NYS2d 428]

C.O'C, Petitioner, v M.M., Respondent.

Family Court, Westchester County, October 27, 2009

### APPEARANCES OF COUNSEL

*Parisi & Patti, LLP*, White Plains (*Clement S. Patti, Jr.* of counsel), for respondent. *Eugene Dougherty*, White Plains, pro se. *Therese R. Malach, Law Guardian*, White Plains, for the subject child. *Harold, Salant, Strassfield & Spielberg, LLP*, White Plains (*Gregory Salant* of counsel), for petitioner.

### OPINION OF THE COURT

COLLEEN D. DUFFY, J.

On August 14, 2009, respondent filed a motion seeking to have this court direct respondent's prior counsel, Eugene Dougherty, Esq., to turn over to respondent's new counsel, Clement S. Patti, Jr., Esq., any and all contents of the file Mr. Dougherty maintained in this matter.

On August 20, 2009, Eugene Dougherty, Esq. filed with this court a notice of cross motion and affirmation in opposition seeking to have this court (1) dismiss respondent's motion, (2) grant him a retaining lien on respondent's file, (3) order that the file be turned over to the respondent upon payment of the counsel fees, and (4) provide such other relief as the court may find just and proper.

On August 21, 2009, Therese R. Malach, Esq. filed an affirmation in support of respondent's motion.

For the reasons set forth below, the court dismisses respondent's motion and Mr. Dougherty's cross motion for lack of subject matter jurisdiction.

The Family Court is a court of limited jurisdiction in New York with its jurisdiction specifically defined by statute and the Constitution of the State of New York. (*See Matter of Burns v Burns*, 53 Misc 2d 484 [1967]; *see also Graham v Graham*, 43 Misc 2d 89 [1964].)

New York Constitution, article VI, § 13 expressly denotes the establishment of family courts in the State of New York and the jurisdictional powers granted by the New York Legislature. New York Constitution, article VI, § 13 (b) and (c) specify, in relevant part, that

"[t]he family court shall have jurisdiction over . . . (1) the protection, treatment, correction and commitment of those minors who are in need of the exercise of the authority of the court because of circumstances of neglect, delinquency or dependency, as the legislature may determine; (2) the custody of minors except for custody incidental to actions and proceedings for marital separation, divorce, annulment of marriage and dissolution of marriage; (3) the adoption of persons; (4) the support of dependents except for support incidental to actions and proceedings in this state for marital separation, divorce, annulment of marriage or dissolution of marriage; (5) the establishment of paternity; (6) proceedings for conciliation of spouses; and (7) as may be provided by law: the guardianship of the

person of minors and, in conformity with the provisions of section seven of this article, crimes and offenses by or against minors or between spouses or between parent and child or between members of the same family or household. . . .

"The family court shall also have jurisdiction to determine, with the same powers possessed by the supreme court, the following matters when referred to the Family Court from the Supreme Court: habeas corpus proceedings for the determination of the custody of minors; and in actions and proceedings for marital separation, divorce, annulment of marriage and dissolution of marriage, applications to fix temporary or permanent support and custody, or applications to enforce judgments and orders of support and of custody, or applications to modify judgments and orders of support and of custody which may be granted only upon the showing to the family court that there has been a subsequent change of circumstances and that modification is required." (*See Matter of Emily K. v Matthew K.*, 120 Misc 2d 561 [1983].)

Here, respondent is seeking to have this court exercise its jurisdiction and issue a ruling as to a common-law lien and Mr. Dougherty seeks the same and also asks the court to determine the validity of a contract term between respondent and Mr. Dougherty. This court does not have the statutory authority or jurisdiction to hear either matter. (*See* NY Const, art VI, § 13 [b], [c]; *see also Moraitis v Moraitis*, 181 Misc 2d 510 [1999] [Supreme Court is forum for determining common-law liens and contracts].)

Therefore, in light of the foregoing, it is ordered that respondent's motion seeking to have Eugene Dougherty, Esq. turn over the file he maintained when representing respondent is hereby dismissed in its entirety for lack of jurisdiction as is Mr. Dougherty's cross motion.