■ In the Matter of Antoinette L. Sergi, Respondent, v Pasquale Sergi, Appellant.—Appeal from an order of the Family Court of Broome County, entered November 30, 1976, which directed appellant to pay child support, alimony and attorneys fees. Respondent and appellant were divorced by a judgment entered February 11, 1976. The divorce decree

provided that questions of custody and support of the children be referred to Family Court. No provision was made in the decree for alimony payments to respondent. By an order dated September 8, 1976 the Family Court of Broome County ordered appellant to pay $200 per month for support of the three youngest children plus any Social Security benefits payable on behalf of the children which at the time amounted to $191 per month. Thereafter, the Social Security benefits payable on behalf of the children were increased to approximately $286 and appellant, by petition verified October 6, 1976 sought modification of his support order for a reduction in the amount of his direct payments for child support based on the Social Security increases. By a petition verified October 20, 1976 respondent sought modification of the same order for an increase in the amount of child support. A hearing was held on November 30, 1976 and an order entered the same day directing appellant to pay $75 per month alimony, $200 per month child support, and to continue to provide the Social Security benefits payable on behalf of the children which were then approximately $286. Respondent has attached to her brief a copy of an order allegedly signed by a Supreme Court Justice on February 9, 1977 which purports to amend the divorce decree *nunc pro tunc* as of the date of the original divorce decree so as to provide for a referral of the issue of alimony to Family Court. On this appeal from the Family Court order appellant urges that the award for child support is excessive. Since the initial order provided that any benefits under Social Security payable on behalf of the children should be paid to the children, and these benefits were increased with no additional financial burden upon appellant, we conclude that the Family Court was justified in directing that the increased benefits be paid to the children. Appellant also contends that the Family Court was without jurisdiction to grant alimony to respondent. Section 236 of the Domestic Relations Law reserves jurisdiction in the Supreme Court to make alimony directions by postjudgment order and the Supreme Court has the power pursuant to subdivision (a) of section 464 of the Family Ct Act to refer alimony applications to Family Court *(Pap v Pap,* 51 AD2d 1091). In the absence of an order of referral from the Supreme Court, the Family Court in the present case could only make directions regarding alimony if respondent was likely to become in need of public assistance and respondent made no such claim (Family Ct Act, § 464, subd [b]). Even if we were to consider the Supreme Court order of referral and decide that such order effectively transferred jurisdiction to Family Court so as to validate the prior proceedings insofar as the alimony award is concerned, it is this court's opinion that alimony was nevertheless improperly granted. Application to insert support provisions for a wife in a judgment of divorce must be made "upon such notice to the other party and given in such a manner as the court may direct" (Domestic Relations Law, § 236). Respondent's petition sought modification only insofar as child support was concerned, appellant having no notice that support for respondent was sought or could be granted. We are unable to say that appellant would not have offered different or additional proof had he had such notice, and, therefore, the order must be modified so as to reverse so much of the order as granted alimony to respondent. Order modified, on the law, by reversing so much thereof as awarded respondent alimony, and, as so modified, affirmed, without prejudice and without costs. Koreman, P. J., Sweeney, Kane, Larkin and Herlihy, JJ., concur.