Compensation Appeals Board
No. 96-355

## APPEAL OF NEW HAMPSHIRE DEPARTMENT OF TRANSPORTATION

### (New Hampshire Compensation Appeals Board)

February 25, 1999

*Philip T. McLaughlin*, attorney general (*Douglas N. Jones*, assistant attorney general, on the brief and orally), for the petitioner.

*Michael C. Reynolds*, of Concord, by brief and orally, for the respondent, State Employees' Association of New Hampshire.

BROCK, C.J. The New Hampshire Department of Transportation (State) appeals a decision of the New Hampshire Compensation Appeals Board (board) awarding attorney's fees to the respondent, State Employees Association of New Hampshire (SEA), under RSA 281-A:44, I (Supp. 1998). We affirm in part.

The SEA, through its general counsel, represented Murray Howlett, a New Hampshire Department of Transportation employee, in his workers' compensation claim before a department of labor hearing officer and then, on appeal, before the board. *See* RSA ch. 281-A (Supp. 1998) (amended 1998). Howlett was a member of the SEA, a labor union that provides its members with legal assistance in pursuing workers' compensation claims against the State. Howlett's only expenses incurred as a result of the SEA's representation were his SEA dues and any costs associated with his claim. After losing before the department of labor hearing officer, Howlett received a favorable decision from the board on appeal awarding him benefits in the amount of $886.60.

Following this decision, the SEA filed a petition with the board requesting that the State pay the SEA $1,185.00 in attorney's fees pursuant to RSA 281-A:44. The petition itemized 7.9 hours of attorney time at a rate of $150.00 an hour. The board approved the SEA's request for attorney's fees, and this appeal followed.

The State argues that RSA 281-A:44, I, authorizes the award of attorney's fees only when the employee has actually incurred legal expenses. The employee in this case did not incur any legal expenses because he received free legal representation as a benefit of his SEA membership. Thus, the State argues that neither he nor the SEA is eligible to receive attorney's fees. "We will overturn the board's decision only for errors of law, or if we are satisfied by a clear preponderance of the evidence before us that the order is unjust or unreasonable." *Appeal of Newcomb*, 141 N.H. 664, 666, 690 A.2d 562, 564 (1997).

RSA 281-A:44, I, provides: "In any dispute over the amount of the benefit payable under this chapter which is appealed to the board or supreme court or both, the employee, if such employee prevails, shall be entitled to reasonable counsel fees and costs as approved by the board or court . . . ." The State argues that the statute authorizes the award of attorney's fees only when the employee actually incurs legal expenses; however, the statute is silent on this issue.

When the language of a statute is ambiguous, "[o]ur goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme." *Appeal of Mascoma Valley Reg. School Dist.*, 141 N.H. 98, 100, 677 A.2d 679, 681 (1996) (citations omitted). The legislature enacted this statute to "provide[] proper protection to the working man," N.H.S. JOUR. 537 (1969), by reimbursing employees for their legal expenses. Additionally, the legislature intended to discourage appeals by employers in workers' compensation cases. *See Seppala & Aho Constr. Co. v. Elton*, 119 N.H. 634, 636, 406 A.2d 460, 462 (1979). This deterrent purpose suggests that an employer should not be relieved of its obligation to pay attorney's fees simply because the employee belongs to an organization that provides legal representation as a membership benefit. *Cf. Safeway Rental & Sales Co. v. Albina Engine & Machine Works*, 343 F.2d 129, 134 (10th Cir. 1965) (reasoning that prevailing party's liability insurance should not relieve negligent party of its obligation to indemnify for fees); *Lesmark, Inc. v. Pryce*, 334 F.2d 942, 945 (D.C. Cir. 1964) (holding that prevailing party's liability insurance and lack of responsibility for attorney's fees does not relieve losing party of obligation to indemnify for counsel fees); *Futrell v. Martin*, 600 P.2d 777, 783 (Idaho 1979) (awarding attorney's fees even though prevailing party did not incur any fees because statute's purpose was to impose actual costs of litigation on losing party).

This analysis is consistent with the result reached by other jurisdictions in cases where pro bono organizations requested attorney's fees. The SEA's position is closely analogous to that of a pro bono organization because neither organization receives legal fees from its clients. Moreover, the federal civil rights statute under which many pro bono organizations collect legal fees contains language similar to that in RSA 281-A:44, I. Specifically, the federal statute provides for the award of attorney's fees to the "prevailing party." 42 U.S.C. § 1988(b) (1994).

In *Blum v. Stenson*, the United States Supreme Court stated that awarding attorney's fees under a federal civil rights statute was

appropriate "regardless of whether plaintiff is represented by private or non-profit counsel." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Since *Blum,* courts that have addressed this issue have unanimously concluded that pro bono organizations are entitled to attorney's fees. *Alexander S. By and Through Bowers v. Boyd*, 929 F. Supp. 925, 933 (D.S.C. 1995); *see, e.g., Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *A.J. by L.B. v. Kierst*, 56 F.3d 849, 864-65 (8th Cir. 1995); *Johnson v. Lafayette Fire Fighters Ass'n Local 472, Int'l Ass'n of Fire Fighters*, 51 F.3d 726, 732 (7th Cir. 1995).

These courts have unequivocally concluded that "[a]n award of attorney's fees to a successful plaintiff is not contingent upon an obligation to pay an attorney and is not affected by the fact that no fee was charged." *Martin v. Heckler*, 773 F.2d 1145, 1152 (11th Cir. 1985). The Third Circuit's reasoning in *Rodriguez v. Taylor*, 569 F.2d 1231, 1245 (3d Cir. 1977), also applies to this case:

> As a general matter, awards of attorneys' fees . . . are not obviated by the fact that individual plaintiffs are not obligated to compensate their counsel . . . . The statutory policies underlying the award of fees justify such shifting without regard to whether the individual plaintiff initially assumed the financial burdens of representation.

*Id.* (citations omitted). We find that the reasoning of these courts in awarding attorney's fees to pro bono organizations lends powerful support to our conclusion here.

Finally, the legal services offered by the SEA benefit employees by providing them with legal representation at a relatively low cost, without regard to the potential profitability of their claims. Without the SEA, some employees might have difficulty finding legal representation given that recovery in these cases may be small. This service that the SEA provides to employees is consistent with the overall purpose behind RSA 281-A:44, I. Thus, we conclude that the board's award of attorney's fees to the SEA under this statute was proper.

The State also argues that the SEA is not entitled to attorney's fees because it is engaged in the unauthorized practice of law pursuant to RSA 311:11 (1995). RSA 311:11 prohibits a corporation from "hold[ing] itself out to the public or advertis[ing] as being entitled to practice law . . . ."

We disagree with the State's argument. The SEA's provision of legal services to its members falls within a constitutional exception to this statutory rule, established by the United States Supreme Court in *Mine Workers v. Illinois Bar Ass'n*, 389 U.S. 217, 221-22

(1967). In *Mine Workers*, a case strikingly similar to this case, the Court held that a union, which provided free legal representation to its members bringing workers' compensation claims, did not engage in the unauthorized practice of law. *Id.* The Court reasoned that "the freedom of speech, assembly, and petition guaranteed by the First and Fourteenth Amendments gives petitioner the right to hire attorneys on a salary basis to assist its members in the assertion of their legal rights." *Id.*; *cf. In re N.H. Disabilities Rights Center, Inc.*, 130 N.H. 328, 336, 541 A.2d 208, 213 (1988) (recognizing legal services organization's first amendment right of associating to advocate legal rights).

The State argues that *Mine Workers* does not apply because in that case the attorney received no part of any settlement or award. *Id.* at 221. We do not find this argument persuasive, however, because attorney's fees are not drawn from the claimant's award. The United States Supreme Court has endorsed this view, stating that

> there are differences between counsel fees awarded by a court and traditional fee-paying arrangements which militate against a presumption that . . . sponsorship of litigation is motivated by considerations of pecuniary gain . . . . [Counsel fees] are not drawn from the plaintiff's recovery, and are usually premised on a successful outcome . . . .

*In re Primus*, 436 U.S. 412, 429-30 (1978). Therefore, we conclude that RSA 311:11 does not prevent the SEA from collecting attorney's fees pursuant to RSA 281-A:44, I.

There remains an issue of the appropriate measure of attorney's fees in this situation. The board based its award of attorney's fees on the prevailing market rate for similar legal services, rather than the actual cost incurred by the SEA. We are aware, however, that an award of attorney's fees based on the prevailing market rate to a salaried lawyer of a non-legal entity may constitute improper fee sharing. N.H. R. PROF. CONDUCT 5.4; *see Curran v. Department of Treasury*, 805 F.2d 1406, 1407-08 (9th Cir. 1986); *Nat. Treasury Emp. U. v. U.S. Dept. of Treasury*, 656 F.2d 848, 851-53 (D.C. Cir. 1981); *Harper v. Better Business Services, Inc.*, 768 F. Supp. 817, 820-22 (N.D. Ga. 1991), *aff'd*, 961 F.2d 1561 (11th Cir. 1992). Although this issue is not before us, by affirming the award of attorney's fees based on the prevailing market rate, we may facilitate a violation of New Hampshire Rule of Professional Conduct 5.4. "The task of *supervising* and disciplining attorneys within this State falls squarely upon the shoulders of this court." *In Re*

*Proposed Public Protection Fund Rule*, 142 N.H. 588, 590, 707 A.2d 125, 126 (1998) (quotation omitted). Thus, we would be remiss in affirming a result that may be contrary to the Rules of Professional Conduct. Accordingly, a separate order shall be issued referring this matter to a judicial referee for findings, rulings, and a recommendation concerning the basis for and the amount of attorney's fees to be awarded.

After considering the State's remaining arguments, we conclude that they are without merit and warrant no further discussion. *Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed in part;*
*further order to issue.*

All concurred.