644

Dover District Court
No. 99-445

IN RE RYAN D.

July 23, 2001

*Philip T. McLaughlin*, attorney general (*Christopher H. M. Carter*, assistant attorney general, on the brief), for the State.

*Carl D. Olson*, assistant appellate defender, of Concord, by brief, for the juvenile.

BROCK, C.J. Ryan D., a fifteen-year-old juvenile, appeals an order of the Dover District Court (*Morrison*, J.) denying his objection to the publication of his name and address. We reverse and remand.

The relevant facts follow. The Dover Police Department filed two petitions against the juvenile, alleging reckless conduct, RSA 631:3 (1996), and criminal mischief, RSA 634:2 (1996). The juvenile entered pleas of true to each petition. As part of his plea agreement, he was placed on conditional release and ordered to pay restitution. In addition, the State agreed that it would not disclose the juvenile's name or address to the public. At a hearing on June 15, 1999, the district court indicated that it would not release this information to the public.

After learning that the district court was reconsidering its decision to withhold his name and address from the public, the juvenile filed an objection with the court. After a hearing on June 22, the district court ruled that RSA 169-B:46 (Supp. 1999) required disclosure of the juvenile's name. The court stayed its ruling pending this appeal.

On appeal, the juvenile argues that the district court erred because while RSA 169-B:46 permits the publication of his name and address by the news media without criminal penalty, it does not require the court to disclose this information to the public. In response, the State contends that based on the plain meaning and the legislative history of the statute, the district court's order

should be upheld and the juvenile's name and address should have been made available to the public.

 The interpretation of a statute is to be decided ultimately by this court. *See State v. Farrow*, 140 N.H. 473, 474 (1995). In any statutory interpretation case, we determine the legislature's intent by turning first to the language in the statute itself. *See Petition of Hoyt*, 143 N.H. 533, 535 (1999). Furthermore, "our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme." *Appeal of N.H. Dep't of Transportation*, 143 N.H. 358, 360 (1999) (quotation and brackets omitted). Thus, when interpreting several statutory provisions that involve the same subject matter, the provisions must be construed together so that they lead to a logical result reflective of the legislative purpose of the statute. *See State v. Farrow*, 140 N.H. at 475.

The juvenile contends that the trial court's interpretation of RSA 169-B:46 conflicts with the overall purpose of the delinquency statute and that if the legislature intended RSA 169-B:46 to require disclosure of his name and address, it would have referred to RSA 169-B:35 (Supp. 1999), which requires, unless otherwise indicated, that juvenile court records remain confidential. We agree.

 Several provisions of RSA chapter 169-B address when and how information in juvenile proceedings may be published or disclosed. In general, juvenile court records "shall be withheld from public inspection" except as provided under RSA 169-B:35, II. RSA 169-B:35, II. According to RSA 169-B:36, I (Supp. 1999), the court may not disclose court records of juveniles to anyone who is not entitled to access pursuant to RSA 169-B:35 or RSA 169-B:37. *See* RSA 169-B:36, I; *see also* RSA 169-B:37 (Supp. 1999). However, when a petition involving a violent crime is found to be true, the court clerk *may* disclose "[t]he name and address of the juvenile charged." RSA 169-B:36, II (Supp. 1999) (emphasis added). Thus, even when a juvenile has committed a violent crime, it is within the court's discretion to determine whether the juvenile's personal information should be released to the public.

We next turn to RSA 169-B:46, which states:

> Notwithstanding the provisions of RSA 169-B:36 and 169-B:37, there shall be no restriction on the publishing or broadcasting of the name or address of any child found to have committed vandalism under RSA 169-B:45 . . . who is at least 12 years of age at the time of such offense, or the name or address of the parent or guardian.

■ RSA 169-B:45, I (Supp. 1999) defines "vandalism" as having the same meaning as "criminal mischief" under RSA 634:2. Thus, based upon the juvenile's plea of true to the criminal mischief charge, RSA 169-B:46 applies to his case.

■ The use of the word "shall" is generally regarded as a legislative command. *See In re Russell C.*, 120 N.H. 260, 264 (1980). RSA chapter 169-B does not specifically define "publishing" or "broadcasting." *See* RSA 169-B:2, :46. RSA 169-B:37, however, clarifies when "publication" of juvenile records is restricted. Under RSA 169-B:37, it is unlawful for "any *newspaper* to publish, or any *radio* or *television station* to broadcast or make public the name or address" of any juvenile arrested without the express permission of the court. RSA 169-B:37, I (emphasis added). As a result, the "publisher of any newspaper or the manager, owner or person in control of a radio or television station or agent or employee of any of the above who violates any provision of RSA 169-B:37 shall be guilty of a misdemeanor." RSA 169-B:38 (1994). Thus, these statutory provisions indicate that "publication" is associated with activities of the news media, not the court.

Finally, by recognizing the inherent differences between children and adults, our legislature "has provided for special treatment of juveniles under the juvenile justice statute." *State v. Benoit*, 126 N.H. 6, 12 (1985). According to RSA 169-B:1, the legislature instructs us to construe and interpret the statute liberally to effectuate its purposes, which include encouraging "the wholesome moral, mental, emotional, and physical development of each minor coming within the provisions of this chapter . . . ." RSA 169-B:1, I (Supp. 1999).

■ Given the disclosure restrictions in RSA 169-B:35, the discretionary language of RSA 169-B:36, the strong association between news media activities and the word "publish" within the statute, and the overall purpose of the delinquency statute, we conclude that RSA 169-B:46 does not require that courts disclose the name or address of a juvenile who has committed vandalism.

Other issues raised in the notice of appeal but not addressed in the brief are deemed waived. *See State v. Mountjoy*, 142 N.H. 648, 652 (1998).

*Reversed and remanded.*

BRODERICK, NADEAU and DALIANIS, JJ., concurred.