Hillsborough-northern judicial district
No. 2002-774

THE STATE OF NEW HAMPSHIRE

v.

IAN J. MCCARTHY

Argued: October 9, 2003
Opinion Issued: December 29, 2003

*Peter W. Heed*, attorney general (*Susan P. McGinnis*, assistant attorney general, on the brief and orally), for the State.

*Christopher M. Johnson*, chief appellate defender, of Concord, and *Landya McCafferty*, assistant appellate defender, of Dover (*Mr. Johnson* and *Ms. McCafferty* on the brief, and *Ms. McCafferty* orally), for the defendant.

DALIANIS, J. The defendant, Ian J. McCarthy, was convicted by a jury of first-degree assault on Michael Pawlick, *see* RSA 631:1 (1996), and ordered to pay restitution to Pawlick and his mother, Jill Pawlick, *see* RSA 651:62 (Supp. 2002). The defendant appeals, arguing that the Superior Court (*Brennan*, J.) erred in awarding restitution for lost wages to Ms. Pawlick. We reverse.

On June 22, 2001, the defendant stabbed Pawlick, an unemancipated minor, several times causing severe injuries to his neck, chest and abdomen. At his sentencing hearing, the defendant was ordered to pay restitution, including $3,250 to Ms. Pawlick for wages lost during four weeks in which she cared for her injured son and one week when she attended court.

The defendant argues that the trial court erred by ordering restitution for Ms. Pawlick because the context of RSA 651:62, III(b) indicates that she is not a "victim" entitled to restitution for lost wages.

In cases of statutory interpretation, we are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole. *In the Matter of Plaisted & Plaisted,* 149 N.H. 522, 523 (2003). We ascribe to statutory words and phrases their usual and common meaning, unless the statute itself suggests otherwise. *State v. Barnett,* 147 N.H. 334, 339 (2001).

RSA 651:62 states, in pertinent part:

As used in this subdivision, unless the context otherwise indicates:

I. "Claimant" means a victim, dependent, or any person legally authorized to act on behalf of the victim.

II. "Dependent" means any person who was wholly or partially dependent upon the victim for care and support when the crime was committed.

III. "Economic loss" means out-of-pocket losses or other expenses incurred as a direct result of a criminal offense, including: . . .

(b) Loss of income by the victim or the victim's dependents . . . .

V. "Restitution" means money . . . provided by the offender to compensate a victim for economic loss, or to compensate any collateral source subrogated to the rights of the victim . . . .

VI. "Victim" means a person or claimant who suffers economic loss as a result of an offender's criminal conduct . . . .

In order for Ms. Pawlick to receive restitution, she must fall within the class of "victims," *see* RSA 651:62, VI, because only a "victim," or a "collateral source subrogated to the rights of the victim," is entitled to restitution. RSA 651:62, V. In order to qualify as a "victim," she must be a "person or claimant who suffers economic loss." RSA 651:62, VI. One difficulty with interpreting this statute is that the class of "victims" is both narrower, *see* RSA 651:62, I, and broader, *see* RSA 651:62, VI, than the class of "claimants."

If the analysis begins with the definition of "claimant," the class of "victims" appears narrower than the class of "claimants" because

"claimant" is defined to include not only "victims," but also "dependents" and "persons legally authorized to act on behalf of the victim." *See* RSA 651:62, I. However, if the analysis begins with the definition of "victim," the class of "victims" appears broader than the class of "claimants" because "victim" is defined to include not only claimants who suffer economic loss, but also other persons, who are not claimants, who suffer such loss. Thus, the statute is analytically circular with regard to the definitions of "victim" and "claimant."

Another difficulty with the definition of "victim," *see* RSA 651:62, VI, is the interaction between the class of "claimants" and the class of "persons." The class of "victims" includes any "claimant or person" who suffers economic loss. Since every member of the class of "claimants", *see* RSA 651:62, I, is a "person," *see* RSA 625:11, II (1996), it would seem that the inclusion of "claimant" in the definition of "victim" is superfluous.

We find that the circular definitions of "claimant" and "victim," and the seemingly superfluous use of "claimant" within the definition of "victim," create an ambiguity in the language of the statute that is impossible to reconcile; however, a decision to revisit and modify the statute is solely for the legislature. When the language of a statute is ambiguous, we construe it in light of the legislature's intent in enacting it, and in light of the policy sought to be advanced by the entire statutory scheme. *Appeal of N.H. Dep't of Transportation*, 143 N.H. 358, 360 (1999).

Therefore, in order to resolve the irreconcilable interplay between the classes of "claimants" and "victims," we turn to the intent of the legislature. The legislature clearly intended to allow restitution for loss of income. *See* RSA 651:62, III(b). The difficulty lies in determining who is within that class of persons entitled to restitution for loss of income. In defining the scope of the loss of income provision, the legislature allows loss of income for "the victim or the victim's dependents." *Id.*

The State encourages us to interpret the class of "victims" broadly so as to include Ms. Pawlick and allow her to receive restitution for her loss of income. The defendant, on the other hand, argues that we must look to the phrase "the victim or the victim's dependents" and interpret the class of "victims" narrowly so as not to include Ms. Pawlick because, while she has suffered loss of income, she is not a victim herself or a dependent of the victim.

In support of its position, the State cites the language in RSA 651:61-a, II, "that the court increase, to the maximum extent feasible, the number of instances in which victims receive restitution." RSA 651:61-a, II (Supp. 2002). Thus, the State argues that we should broadly interpret an

ambiguity in the statute to allow Ms. Pawlick to recover restitution as a "victim."

We disagree. The language used by the legislature evidences an intent that we increase the number of *instances* in which a victim recovers and *not* the number of victims who can recover. While one reasonable interpretation of RSA 651:62, VI supports a finding that Ms. Pawlick *could* qualify as a "victim," we believe that the more reasonable interpretation concludes that Ms. Pawlick is not a "victim" because "the context [of the statute] indicates," RSA 651:62, that she is not "the victim or the victim's dependent[]," RSA 651:62, III(b).

When the legislature included the term "victim's dependents" within the loss of income provision, it declared that restitution for loss of income would be paid to those who suffer because of criminal conduct even if they do not fall within our common understanding of the meaning of the word "victim." Similarly, in RSA 651:62, III(a), the legislature allowed for recovery by the "victim's spouse and immediate family" for mental health services in "case of the death of the victim." Both provisions demonstrate the legislature's ability to expand restitution beyond conventional notions of "victimhood." By contrasting both provisions, we observe that the legislature specifically mentions, in the loss of income provision, the term "victim's dependents" without mention of the victim's "immediate family." Had the legislature intended to allow persons such as Ms. Pawlick to recover, it would have included "immediate family," or some other category that would include her, in the loss of income provision.

■ Therefore, as we do not interpret RSA 651:62, III(b) as providing an avenue of recovery for a minor victim's mother who has suffered loss of income, the trial court erred in awarding restitution to Ms. Pawlick.

*Reversed.*

BROCK, C.J., and BRODERICK, NADEAU and DUGGAN, JJ., concurred.