2009 Ark. 599

**ARKANSAS OFFICE OF CHILD SUPPORT ENFORCEMENT, Appellant,**

v.

**Jason S. HEARST, Appellee.**

**No. 09–135.**

Supreme Court of Arkansas.

Dec. 3, 2009.

G. Keith Griffith, Office of Child Support Enforcement, Van Buren, for appellant.

Lynn F. Plemmons, Conway, for appellee.

ANNABELLE CLINTON IMBER, Justice.

The Office of Child Support Enforcement (OCSE) appeals from an order modifying child support payable to Angela Hearst, the custodial parent of Appellee Jason Hearst's two minor children. Specifically, OCSE challenges the Faulkner County Circuit Court's ruling that Social Security Disability (SSD) benefits paid directly to Appellee's two children as a result of his disability should not be considered income under Administrative Order No. 10. The Arkansas Court of Appeals certified the case to this court as an issue of first impression, a significant issue needing clarification or development of the law, and an issue of substantial public interest. Thus, our jurisdiction is pursuant to Ark. Sup.Ct. R. 1–2(b)(1),(4),(5) (2009). For the reasons set forth below, we reverse the order of the circuit court and remand the case for proceedings consistent with this opinion.

OCSE filed a motion on behalf of Appellee's ex-wife Angela Hearst to modify child support. In the motion, OCSE asked the court to modify support based on the fact that Appellee was now drawing monthly Social Security benefits in the amount of $1362. In addition, OCSE was seeking to collect an arrearage in the sum of $6642 for past-due child support owed by Appellee. Appellee's two children each received $232 in Social Security Disability benefits, or a total of $464, as a result of their father's disability. These payments went directly to Angela Hearst, the custodial parent. OCSE asked the court to consider the disability benefits paid to the children as income attributable to Appellee. Based on income totaling $1826 (the sum of $1362 and $464), Appellee's monthly child-support payment, according to the child-support chart, would be $574. Appellee would then be credited with the amount already paid to the children by Social Security, $464, resulting in a balance of $110 per month in additional child support owed by Appellee.

In support of its requested increase in child support, OCSE relied upon section (III)(c) of Administrative Order No. 10, which provides that the "court should consider the amount of any separate awards made to the disability recipient's spouse and children on account of the payor's disability." Ark. Sup.Ct. Admin. Order No. 10(III)(c) (2009). Appellee, on the other hand, asserted that the benefits paid to his children went directly to the custodial parent and that, if he did not have children, no one would receive that extra sum. The circuit court ruled that the benefits paid to the dependent children would not be considered as income attributable to Appellee, reasoning that the sum of $464 (a) was paid directly to the children, (b) never passed through Appellee's hands, and (c) never went through Appellee's bank. Thus, the court determined Appellee's income without considering the additional benefits totaling $464. The court then set the monthly child-support payment at $414, and credited the $464 in SSD benefits paid to the children against Appellee's monthly child-support obligation, thereby satisfying the obligation. Appellee also requested a deviation from the child-support chart, but the circuit court denied that request. OCSE now appeals from the circuit court's order modifying child support.

For its only point on appeal, OCSE contends that the Social Security Disability benefits paid to Appellee's dependent children should be considered as part of his income for the purpose of determining child support. According to OCSE, the amount of the separate awards made to Appellee's children on account of his disability clearly falls under section (III)(c) of Administrative Order No. 10. Appellee counters that the separate awards are paid directly to the custodial parent; therefore, they do not contribute to his household income and should not be considered as such. He further suggests that because section (II) of Administrative Order No. 10 provides for the deduction of certain expenditures, based on the fact that the payor has no discretion over payment of those amounts, the court should follow suit as he has no discretion over the separate awards that are not made available to him for his use.

The instant appeal raises an issue of first impression: whether the term "income," as defined by this court's Administrative Order No. 10, includes Social Security Disability benefits paid directly to a noncustodial parent's children as a result of that parent's disability. In an appeal from a child-support order this court reviews the case de novo on the record and will not reverse a finding of fact by the

trial court unless it is clearly erroneous. *McWhorter v. McWhorter*, 346 Ark. 475, 58 S.W.3d 840 (2001). However, a trial court's conclusion of law is given no deference on appeal. *Ward v. Doss*, 361 Ark. 153, 205 S.W.3d 767 (2005). In interpreting administrative orders, we have held that because these orders are, in essence, rules promulgated by the court, they are to be interpreted using the same canons of construction that are used to interpret statutes. *Montgomery v. Bolton*, 349 Ark. 460, 79 S.W.3d 354 (2002). The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Id.*

Section (II) of Administrative Order No. 10 sets forth the following definition of "income" for purposes of determining child support:

> Income means any form of payment, periodic or otherwise, due to an individual, regardless of source, including wages, salaries, commissions, bonuses, workers' compensation, disability, payments pursuant to a pension or retirement program, and interest less proper deductions for:
>
> 1. Federal and state income tax;
>
> 2. Withholding for Social Security (FICA), Medicare, and railroad retirement;
>
> 3. Medical insurance paid for dependent children; and
>
> 4. Presently paid support for other dependents by court order, regardless of the date of entry of the order or orders.

Ark. Sup.Ct. Admin. Order No. 10(II) (2009). Section (III) of Administrative Order No. 10 further identifies benefits that should be considered as "income" for disability recipients:

> c. *Nonsalaried Payors.* For Social Security Disability recipients, the court should consider the amount of any separate awards made to the disability recipient's spouse and children on account of the payor's disability. SSI benefits shall not be considered as income.
>
> For Veteran's Administration disability recipients, Workers' Compensation disability recipients, and Unemployment Compensation recipients, the court shall consider those benefits as income.

Ark. Sup.Ct. Admin. Order No. 10(II) (2009).[1] This court has stated that the term "income" is "intentionally broad and designed to encompass the widest range of sources consistent with the State's policy to interpret 'income' broadly for the benefit of the child." *Evans v. Tillery*, 361 Ark. 63, 70, 204 S.W.3d 547, 552 (2005) (citing *Ford v. Ford*, 347 Ark. 485, 65 S.W.3d 432 (2002)).

In distinguishing federal Supplemental Security Income (SSI) benefits, which may not be considered as income for child-support purposes, from Social Security Disability (SSD) benefits, we noted in *Davis v. Office of Child Support Enforcement*, 341 Ark. 349, 20 S.W.3d 273 (2000), that

> SSI benefits are not remuneration for any past or present employment. No premiums, deposits, or other payments have been paid to qualify for them. Put simply, SSI is federal welfare for the poorest of the nation's citizens.

.    .    .    .    .

---

1. Despite the dissent's assertion to the contrary, section (III)(c) of Administrative Order No. 10 expressly states what amounts should be considered as "income" for nonsalaried payors, such as those who receive disability or unemployment benefits, military personnel, commission workers, and self-employed payors.

SSI and SSD differ substantially. Under SSD, the applicant seeks "insurance" benefits based upon payments withheld from his paychecks. To qualify, the applicant must have paid into the program at least five out of the prior ten years, or twenty out of forty quarters. SSI recipients, however, either never paid this "premium" or never paid enough into the system to qualify for SSD. In other words, the benefits an SSI recipient receives are not based on how much he paid into the system, but instead how much he or she needs to maintain "a Federal guaranteed minimum income level for aged, blind, and disabled persons."

*Id.* at 356, 20 S.W.3d at 277; *see also Davie v. Office of Child Support Enforcement,* 349 Ark. 187, 76 S.W.3d 873 (2002).

Other jurisdictions have addressed the issue of whether Social Security Disability benefits paid to a noncustodial parent's children should be considered income for the purpose of determining child support. In ruling that such benefits should be considered as income, the Alaska Supreme Court in *Miller v. Miller,* 890 P.2d 574 (Alaska 1995), focused on the fact that SSD insurance benefits are based upon payments withheld from the recipient's paychecks. *Id.* The *Miller* court reasoned that, given the broad definition of income applied by the state, and to avoid any possible "windfall" to the payor, it was necessary to include this amount as income. *Id.* Furthermore, the Alaska Supreme Court stated that because the benefits were essentially earnings based on the father's past contributions to Social Security and, therefore, credited as child-support payments, by parallel reasoning the payments should be considered as income for purposes of calculating child support. *Id.*

Similarly, in *In re Angley–Cook,* 151 N.H. 257, 855 A.2d 431 (2004), the New Hampshire Supreme Court held that Social Security retirement dependency benefits constitute income for child-support purposes. According to the *Angley–Cook* court, New Hampshire's child-support statute broadly defines the term "gross income" as "all income *from any source,*" and explicitly lists social security benefits in the items that are to be included in income. *Id.* at 260, 855 A.2d at 435. The New Hampshire Supreme Court distinguished Social Security benefits from other public programs and stated that "unlike welfare and other forms of public assistance, social security benefits represent contributions that a worker has made throughout the course of employment. . . ." *Id.* (citing *Miller v. Miller,* 890 P.2d 574 (Alaska 1995)).

The Massachusetts Supreme Judicial Court has also held that Social Security Disability Income (SSDI) dependency benefits should be included in the income of a noncustodial parent:

The fairest approach for calculating the credit here is to treat the SSDI dependency benefits as if they were first paid directly to the noncustodial parent, who then pays that same amount to the custodial parent to satisfy some part of the support obligation. Specifically, the amount of the SSDI dependency benefits should be included in the income of the noncustodial parent and the guidelines should then be applied to that amount. As in any other determination of a proper support obligation, the judge may adjust the amount as calculated by this approach on making findings that such amount is unjust or inappropriate. The noncustodial parent is then allowed a credit equal to the amount of the SSDI dependency benefits. The net amount of the noncustodial parent's support obligation thus is simply the difference between the support amount calculated

above (or as adjusted by the judge) minus the amount of the credit.

*Rosenberg v. Merida,* 428 Mass. 182, 187–88, 697 N.E.2d 987, 991 (1998) (citation and footnote omitted). *See also, In re Marriage of Briscoe,* 134 Wash.2d 344, 949 P.2d 1388 (1998) (SSD dependent benefits to be offset against child-support obligation and to be included in calculating the father's income); *Jenkins v. Jenkins,* 243 Conn. 584, 704 A.2d 231 (1998) (noncustodial father allowed an offset against child support for dependency benefits paid to children but required to include these amounts as income for purposes of determining the amount of his child-support obligation under the guidelines); *In re Marriage of Hilmo,* 623 N.W.2d 809 (Iowa 2001) (father's income would include SSD dependent benefits paid to children, as well as an offset credit toward his child-support obligation).[2] In sum, in the majority of jurisdictions that have addressed the issue, SSD dependent benefits are treated as income to the noncustodial parent and then deducted as a credit against his or her child-support obligation.

As early as 1962, this court determined that dependent benefits paid to a child after his father became entitled to Social Security benefits upon retirement should be credited against the father's child-support obligation. *Cash v. Cash,* 234 Ark. 603, 353 S.W.2d 348 (1962). In making that determination, we stated that the Social Security payments to the dependent son were earned in part by the father and were not altogether a gift from the federal government. *Id.* In other words, such benefits were not gratuitous but earned.

We have also considered whether to allow a credit for a lump-sum Social Security payment to an adult child. In *Grays v. Arkansas Office of Child Support Enforcement,* 375 Ark. 38, 289 S.W.3d 12 (2008), this court held that equitable considerations were applicable in determining whether a noncustodial parent should receive a credit against past-due child support owed to the mother by the payment of SSD benefits to his child. *Id.* In that case, our court refused to credit any of the lump-sum payment against the child-support arrearage. *Id.* Because child-support cases necessarily involve the consideration of equitable factors in an effort to reach a fair and just result, we reiterated that there must be flexibility in determining the level of support needed by the dependents. *Id.* Accordingly, "we have not foreclosed the possibility that Social Security benefits may affect a noncustodial parent's child support obligation." *Id.* at 44, 289 S.W.3d at 17. *See Office of Child Support Enforcement v. Harris,* 87 Ark.App. 59, 185 S.W.3d 120 (2004) (allowing a credit against father's accrued child-support arrearages as a result of a lump-sum social security disability payment to his child).

■ In the instant case, Appellant OCSE urges this Court to recognize Social Security disability benefits paid to the dependent children of noncustodial parents as income for the purpose of determining child support. Based on the plain and unambiguous language of Administrative Order No. 10, we hold that these dependent benefits are income for the purpose of determining child support. Section (II) of the order states that income "means any form of payment ... due to an individual,

---

2. We note that SSD benefits paid to dependent children are neither included as income nor credited against the noncustodial parent's child-support obligation in Maryland and New York. *See Drummond v. State,* 350 Md. 502, 714 A.2d 163 (1998); *Graby v. Graby,* 87 N.Y.2d 605, 641 N.Y.S.2d 577, 664 N.E.2d 488 (1996) (based on a "combined parental income" statutory model).

regardless of source, including ... disability." Ark. Sup.Ct. Admin. Order No. 10(II) (2009). With regard to those individuals who receive disability benefits, section (III) of Administrative Order No. 10 expressly provides that "the ₗ₁₀court should consider the amount of any separate awards made to the disability recipient's spouse and children on account of payor's disability." *Id.* at No. 10(III).[3] While disability benefits paid to dependent children are to be considered income, the order makes clear that SSI benefits "shall not be considered as income." *Id.* To construe Administrative Order No. 10 so as to exclude SSD dependent payments from "income" would be contrary to the plain language of the order. It would also be contrary to our case law interpreting the order: the definition of "income" is intentionally broad and designed to encompass the widest range of sources consistent with this State's policy to interpret "income" broadly for the benefit of the child. *Evans v. Tillery*, 361 Ark. 63, 204 S.W.3d 547 (2005); *Ford v. Ford*, 347 Ark. 485, 65 S.W.3d 432 (2002); *McWhorter v. McWhorter*, 346 Ark. 475, 58 S.W.3d 840 (2001); *Davis v. Office of Child Support Enforcement*, 341 Ark. 349, 20 S.W.3d 273 (2000).

Although not authoritative, the rationale adopted by most of our sister states is persuasive. We recognize, as did the Alaska Supreme Court in *Miller v. Miller*, *supra*, that SSD dependent payments are the direct result of the earnings and contributions by the payor. *See Cash v. Cash*, *supra*. Social Security disability payments to the payor and his or her dependents represent contributions made by the worker throughout the course of employment. Furthermore, our state's policy of defining "income," so as to encompass as many

sources as possible is similar to that of New Hampshire. *See In re Angley–Cook*, *supra*.

■■ ₗ₁₁One final point is the role that equity plays in determining the amount of child support. Our court recently refused to credit a lump-sum disability payment made to an adult child against a child-support arrearage. *Grays v. Arkansas Office of Child Support Enforcement*, 375 Ark. 38, 289 S.W.3d 12 (2008). However, we stated that our determination in the *Grays* case should not be construed as a bright-line rule; rather, such determinations should always include the consideration of equitable factors. *Id.* We note that the circuit court in the instant case declined to consider Social Security disability benefits paid to the Appellee's children as income. In view of that ruling, the court summarily denied Appellee's request for a deviation from the child-support chart. For the reasons set forth above, we reverse the circuit court's order that erroneously excluded the SSD dependent benefits from "income." The case is remanded in order for the court to (a) determine Appellee's income in accordance with the holding herein, and (b) set the appropriate amount of child support. We reiterate that while a trial court must reference the child-support chart, and presume that the amount specified in the chart is reasonable, that presumption is rebuttable. *Evans v. Tillery*, 361 Ark. 63, 204 S.W.3d 547 (2005). The presumption that the chart is correct may be overcome "if the trial court provides specific written findings that the chart amount is unjust or inappropriate." *Id.* at 70, 204 S.W.3d at 552.

Reversed and remanded.

HANNAH, C.J., CORBIN, and GUNTER, JJ., dissent.

---

**3.** We reject Appellee's argument that the phrase "disability recipient's ... children" refers only to children living in the payor's household. There is nothing within section (III) that suggests such a limitation.

HANNAH, C.J., dissenting.

The majority states the issue on appeal is "whether the term ₁₂'income,' as defined by this court's Administrative Order No. 10, includes Social Security Disability benefits paid directly to a noncustodial parent's children as a result of that parent's disability." However, the majority fails to rely on the plain language of Administrative Order No. 10. Instead, the majority inexplicably turns to foreign-jurisdiction cases under dissimilar rules to justify holding that the payments constitute income when Administrative Order No. 10 clearly excludes the payments from income.

Administrative Order No. 10 is a rule promulgated by our court and is construed using the same canons of construction that are used to interpret statutes. *Montgomery v. Bolton*, 349 Ark. 460, 465, 79 S.W.3d 354, 357 (2002). The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.*, 79 S.W.3d at 357. We need not consider any further rules of construction to resolve this case because the plain language of the Order declares that the payments are not income.

Section (II) of Administrative Order No. 10 defines income and declares that income includes all funds "due to an individual . . . regardless of source." Social Security Disability benefits paid to dependents that are never received or controlled by the payor of child support cannot constitute income because they are not funds due to the payor. Our analysis on whether the payments constitute income should end here.

Section (III) (c) of Administrative Order No. 10 does declare that SSI benefits are not to be considered as income, that veterans disability, workers' compensation benefits, and that unemployment compensation benefits are considered as income. However, where the ₁₃majority errs is in concluding that section (III)(c) declares Social Security Disability payments to a recipient's spouse and children is income. It does not. Section (III)(c) provides in pertinent part that "the court should consider the amount of separate awards." The trial court should consider the payments in calculating support. The majority's conclusion that section (III) defines Social Security Disability awards to a recipient's spouse or children as income is in error.

Social Security Disability payments received by dependents are to be considered by the trial court in determining the proper amount of support. Those payments may raise or lower the payment by the payor if the trial court deviates from the amount set by the chart[1] in Administrative Order No. 10, but they do not constitute income under any possible analysis. "Like public assistance, Social Security disability dependents' benefits are an entitlement granted by Congress at no cost to the disabled parent . . . Social Security payments to dependent children do not reduce the disabled parent's benefits or in any way increase that parent's financial obligations." *Graby v. Graby*, 87 N.Y.2d 605, 641 N.Y.S.2d 577, 664 N.E.2d 488, 491 (1996) (citing *Stultz v. Stultz*, 659 N.E.2d 125, 127 (Ind.1995) and *Sergi v. Sergi*, 58 A.D.2d 692, 395 N.Y.S.2d 759, 759 (N.Y.App.Div.1977)). By abandoning the clear definition of income set out in Admin-

---

1. "The trial court is required to [make] reference to the child-support chart, and the amount specified in the chart is presumed to be reasonable." *Akins v. Mofield*, 355 Ark. 215, 222, 132 S.W.3d 760, 763 (2003).

"However, the presumption that the chart is correct may be overcome if the trial court provides specific written findings that the chart amount is unjust or inappropriate." *Id.*, 132 S.W.3d at 763.

istrative Order No. 10, the majority errantly changes the law on income. This holding introduces confusion where there was none before, and makes the trial judge's task of applying the law consistently much more difficult. For the foregoing reasons, I dissent.

CORBIN and GUNTER, JJ., join.